### 40665.  BLAKE v. THE STATE.

DECIDED APRIL 15, 1964—
REHEARING DENIED APRIL 29, 1964.

*Malcolm Maclean, Stanley W. Feiler,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Sylvan A. Garfunkel, Assistant Solicitor General,* contra.

HALL, Judge. ■ The ground of the defendant's first plea in bar is that "no counsel was made available to him at the time of his trial in the Recorder's Court of the City of Savannah," which was a critical stage of the proceedings against the defendant, and where he pleaded guilty, and that this denied him due process of law in violation of the Fourteenth Amendment to the United States Constitution. The trial judge heard evidence on this plea in bar. The defendant testified: "I did not have a lawyer in police court and I plead guilty. Nobody offered me one down there; I cannot afford to pay a lawyer. . . Judge Braziel, the recorder down there, didn't explain to me my rights; he didn't explain to me that I was entitled to an attorney; he didn't tell me that I didn't have to make any statement at all; he didn't explain to me that I could be quiet or I could explain what I wanted to. He did not tell me none of that. . . I was not allowed to call my mother after I was arrested; she finally came to see me; but for 48 hours after my arrest my mother didn't know where I was. I was unable to contact a lawyer or anybody. I couldn't use the telephone or write letters. I didn't ask to call my mother or anybody. I asked the policeman at the jail (I don't know which one it was) to tell my mother and gave him her name. I didn't ask any of those detectives." It was stipulated that the defendant was arrested on October 9, 1963, and the preliminary hearing was held on October 14.

The "trial in the Recorder's Court of the City of Savannah" appears to have been a preliminary commitment hearing at which the recorder, as a court of inquiry, determined that there was probable cause to bind the defendant over to the superior court (*Code* § 27-401), where he was indicted by the grand jury and tried for the offense of burglary. "The duty of the court of inquiry is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit." *Code* § 27-407. The law provides that the de-

fendant shall have a reasonable time to prepare his case and to procure counsel for this commitment hearing. *Code* § 27-403. A defendant's plea of guilty at this stage, however, amounts to no more than a waiver of the State's proof of probable cause, or an admission that there is probable cause to suspect his guilt and require him to appear for trial. He has not at this time been accused by the State of a crime and it is still necessary that he be charged by indictment or information and arraigned. The grand jury is the only body authorized to subject the defendant to trial for a felony, unless he waives indictment. *Code Ann.* § 27-704.

There is no question that the right of a person accused of a felony to the aid of counsel at all critical stages of proceedings designed to bring him to trial is fundamental and must be protected by the State under our system of government. Hamilton v. Alabama, 368 U. S. 52 (82 SC 157, 7 LE2d 114); Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799); White v. Maryland, 373 U. S. 59 (83 SC 1050, 10 LE2d 193). This doctrine requires counsel at least at the stage of arraignment in noncapital cases as well as in capital felony cases. Tucker v. State, 275 Ala. 700 (157 S2d 229). Accord *Fair v. Balkcom,* 216 Ga. 721, 727 (119 SE2d 691), interpreting the Georgia Constitution: The right to benefit of counsel exists "once an indictment charging a felony has been returned . . . This right includes the benefit of counsel at all stages of the arraignment and sufficiently prior thereto for adequate preparation." To indigent defendants counsel must be provided by the State unless the defendant understandably, intelligently, and competently waives the right; the right can not be waived unless an offer of counsel has been made. Carnley v. Cochran, 369 U. S. 506, 516 (82 SC 884, 8 LE2d 70); Lee v. United States, 322 F2d 770, 777 (5th Cir. 1963); Louisiana v. Walker, 217 FSupp. 168, 172 (E. D. La. 1963); *Balkcom v. Shores,* 219 Ga. 429 (134 SE2d 3); King v. State, (Fla.) 157 S2d 440; In re Garofone, 80 N. J. Super. 259 (193 A2d 398).

The question presented in this case is whether the defendant's commitment hearing was a critical stage of his prosecution, when at that hearing he had no counsel and entered a plea of guilty

amounting to an admission of probable cause to place him on trial, and when he was thereafter indicted by the grand jury, and at his arraignment and trial he had counsel and the commitment hearing plea was not introduced in evidence.

In White v. Maryland, 373 U. S. 59, supra, a defendant charged with murder was arrested in May and at a preliminary hearing held in August, without counsel, pleaded guilty. He was thereafter tried on pleas of not guilty made at his arraignment after counsel was appointed for him, but the plea of guilty made at the preliminary hearing was introduced in evidence at the trial. The United States Supreme Court held that in this case the defendant's preliminary hearing was a critical stage; absence of counsel when he entered the plea of guilty before the magistrate violated his rights under the due process clause of the Fourteenth Amendment. An essential reason for this holding distinguishes it from the present case: The defendant's plea of guilty at the preliminary hearing was introduced in evidence at the trial; restrospectively the absence of counsel when that plea was entered became critical.

The absence of counsel when the defendant entered a plea of not guilty at preliminary hearing before a committing magistrate has been held not to be a denial of constitutional rights under the White decision. Application of DeToro, 222 FSupp. 621 (D. C. Md. 1963). The DeToro opinion states that in Maryland "A preliminary hearing is held for the purpose of 'determining whether there is probable ground to believe the accused guilty. The magistrate, therefore, can only commit the accused for appearance before the Grand Jury, subject to bail under certain circumstances, or discharge him.' . . All defenses reaching back to the arrest may be raised at the Maryland arraignment. The preliminary hearing in no way can act as a stage of the criminal process during which a defendant may waive a defense." Of the holding in White that the Maryland preliminary hearing was *in that case* critical, the District Court points out, "The next sentence reads: 'For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.' This sentence cannot be read out of context. It must relate to

the case before the Court, namely that the 'plea' was 'guilty,' and that it was offered in evidence at the trial."

In Georgia, as in Maryland, the preliminary commitment hearing is for the purpose of determining whether there is probable ground to believe the accused guilty; it requires no defenses be made lest they be waived; it is not *inherently* a critical stage. Its function is to authorize the keeping in custody of one accused with probable cause of committing a crime, pending determination by the grand jury from evidence presented to it that he should stand trial for the offense. (Even after arraignment the prisoner may withdraw a plea of guilty and plead not guilty at any time before judgment "and such former plea shall not be given in evidence against him on his trial." *Code* § 27-1404). *In this case* the preliminary commitment hearing was not a critical stage. The defendant, by pleading guilty when he had no counsel, admitted that there was probable cause to try him. But later with the aid of counsel he pleaded not guilty thereby placing the burden upon the State to overcome the presumption of innocence, and the plea of guilty at the preliminary hearing was not used as evidence against him. The absence of counsel at the preliminary hearing, where the defendant entered a plea of guilty that was not introduced in evidence at his trial, did not constitute a denial of due process of law under the Fourteenth Amendment to the United States Constitution. Application of DeToro, supra; cf. Latham v. Crouse, 320 F2d 120, 122 (10th Cir. 1963); Nolan v. Nash, 316 F2d 776, 777 (8th Cir. 1963); Rogers v. Cummings, 154 FSupp. 663, 666 (D. Conn. 1956); State v. Jameson, 78 S. D. 431 (104 NW2d 45); Utah v. Sullivan, 227 F2d 511, 514 (10th Cir. 1955), cert. denied, 350 U. S. 973; Webster v. State (Fla.), 156 S2d 890, 895.

This is not to say that stages of criminal proceedings prior to arraignment are inherently non-critical. *Fair v. Balkcom*, 216 Ga. 721, 728, supra. It has been held upon the particular facts and circumstances in a particular case that the absence of counsel can render critical a preliminary hearing or other stages of criminal proceedings before arraignment, or even after arraignment. Pettit v. Rhay, 62 Wash.2d 515 (383 P2d 889) (defendant denied counsel at preliminary hearing and could not examine

prosecuting witness who was dead at time of trial and other witnesses testified as to substance of her testimony; thereby defendant deprived of right to confront witness against him); Alford v. Wainwright (Fla.) 156 S2d 1 (defendant's low intelligence level caused him to conclude from refusal of court to appoint counsel at preliminary hearing that it would be futile to request appointment of counsel for trial); Lee v. U. S., 322 F2d 770 (5th Cir. 1963) (absence of counsel during pre-trial police interrogation); Anderson v. North Carolina, 221 FSupp. 930 (W.D.N.C. 1963) (absence of counsel at pre-trial conference held in jail with solicitor with consent of defendant's counsel, at which accused decided to plead guilty to lesser of two offenses for which he had been indicted); Crooker v. California, 357 U. S. 433 (78 SC 1287, 2 LE2d 1448); and Cicenia v. Lagay, 357 U. S. 504, 509 (78 SC 1297, 2 LE2d 1523) (defendant's lack of counsel during pre-trial police interrogation as one pertinent element in determining from all the circumstances whether a conviction was attended by fundamental unfairness).

The trial court did not err in overruling the plea in bar on the ground that counsel was not made available to the defendant at the commitment hearing.

■ The trial court did not err in overruling the defendant's second plea in bar on the ground that the defendant was entitled to discharge because, after he was arrested, without a warrant, he was imprisoned for more than 48 hours before he was conveyed to an officer authorized to issue a warrant, in violation of *Code Ann.* § 27-212. The provision of this statute that a person arrested without a warrant and not conveyed before an officer authorized to issue warrants within 48 hours "shall be released," means that such person shall be released from imprisonment or custody until a warrant is obtained—not that he shall be released from trial after he has been indicted for a crime. Accord *Mitchell v. State*, 126 Ga. 84, 85 (54 SE 931); *Johnson v. Plunkett*, 215 Ga. 353, 355 (110 SE2d 745); *Boatwright v. State*, 10 Ga. App. 29 (72 SE 599); *Joiner v. State*, 66 Ga. App. 106 (17 SE2d 101); *French v. State*, 99 Ga. App. 149, 151 (107 SE2d 890); *Willard v. City of Eatonton*, 104 Ga. App. 471, 472 (121 SE2d 924).

■

■ The special ground of the motion for new trial is that the defendant's incarceration when a confession was obtained from him was illegal because "he was not conveyed to an officer authorized to receive an affidavit and issue a warrant within 48 hours after he was arrested without a warrant," and that the confession "was illegally obtained and therefore inadmissible because the said incarceration of defendant was in contravention of" Ga. L. 1956, pp. 796, 797 (*Code Ann.* § 27-212).

This statute provides: "In every case of an arrest without a warrant the person arresting shall without delay, convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant. No such imprisonment shall be legal beyond a reasonable time allowed for the purpose and any person who is not conveyed before such officer within 48 hours shall be released."

The last clause in the statute does not prescribe what is a "reasonable time" allowed for the purpose of conveying the defendant before the most convenient officer authorized to issue a warrant. This clause was added to amend the law in 1956 (Ga. L. 1956, pp. 796, 797) and makes the arrested person's release from imprisonment mandatory after 48 hours if a warrant has not been issued. The statute commands that application for a warrant be made without delay, and makes illegal any imprisonment beyond a reasonable time necessary to obtain a warrant. Whether imprisonment is protracted for an unreasonable time is a question of fact. *Johnson v. Mayor &c. of Americus,* 46 Ga. 80, 87; *Habersham v. State,* 56 Ga. 61; *Harris v. City of Atlanta,* 62 Ga. 290, 296; *Ocean Steamship Co. v. Williams,* 69 Ga. 251, 263; *King v. State,* 6 Ga. App. 332 (64 SE 1001).

In this case one detective testified that he and other officers picked the defendant up for investigation between 2:30 and 3 in the afternoon; they knocked off at 3:30 that day and turned him over to other detectives. The next day they held a line-up, and the detectives talked with him first about 15 minutes after the line-up and told him what they were holding him for. The defendant then made a voluntary statement admitting the crime of burglary. The officer to whom the defendant was turned over by the arresting officer and who took the defendant's statement

testified: "I was never informed that any alderman or recorder pro tem. had a right to issue warrants in case I needed a warrant within 48 hours when the recorder was not available. I have not been informed that I could get a warrant from Judge Harrison or any other judge." Another officer testified: "I was Sergeant in the Recorder's Court from 1944 through 1947; at that time it was not the practice to issue warrants before the commitment hearings. If probable cause was found a warrant was issued by the Judge of the Recorder's Court. In 1947 there was a change made in that it was changed to the issuance of a commitment, and the issuance of the warrant was stopped. The Judge would simply sign a commitment and bind him over and that's the way this case came up before this Court, simply on the commitment. Before that time the warrant was on top of the commitment." Since this evidence shows that there was no attempt or intention on the part of the officers to comply with *Code Ann.* § 27-212, the trial judge was authorized to find, as it appears he did, that the defendant's detention was "beyond a reasonable time allowed for the purpose" of obtaining a warrant. For the purpose of this decision we do not need to decide whether under the above evidence the defendant's incarceration was illegal at the time he confessed, but we will assume that it was.

In Federal criminal proceedings, a confession obtained during an unreasonable delay before arraignment in violation of a Federal statutory provision is not admissible in evidence. McNabb v. United States, 318 U. S. 332 (63 SC 608, 87 LE 819); Mallory v. United States, 354 U. S. 449 (77 SC 1356, 1 LE2d 1479). This rule emanates from the power and duty of the United States Supreme Court to supervise the administration of criminal justice in the Federal courts and maintain civilized standards of procedure and evidence. McNabb v. United States, 318 U. S. 332, 340, supra. But in Federal courts the rule does more than preclude the judicial use of a coerced confession—it acts to discourage the source of the evil, secret police interrogation. See Way, The Supreme Court and State Coerced Confessions, 12 J. Pub. Law 53 (1963).

The United States Constitution forbids the admission of a confession in the State criminal proceedings only when the con-

fession is involuntary. An involuntary confession is prohibited by the due process clause of the Fourteenth Amendment. The legality, duration and conditions of detention are one factor relevant to the question whether the confession is voluntary. Stein v. New York, 346 U. S. 156, 187 (73 SC 1077, 97 LE 1522); Fikes v. Alabama, 352 U. S. 191, 194 (77 SC 281, 1 LE2d 246); Payne v. Arkansas, 356 U. S. 560, 567 (78 SC 844, 2 LE2d 975); Culombe v. Connecticut, 367 U. S. 568, 582, 587, 599, 601 (81 SC 1860, 6 LE2d 1037); Smith v. Heard, 315 F2d 692, 694 (5th Cir. 1963). But the admissibility of a voluntary confession obtained during unlawful detention in a State judicial proceeding remains a matter for State determination. Stein v. New York, supra; Smith v. Heard, supra; Culombe v. Connecticut, supra; State v. Lane, 10 N. Y. 2d 347 (179 NE2d 339, 340).

In this State the issue whether a confession was made freely and voluntarily must be determined by the jury. *Claybourn v. State*, 190 Ga. 861, 866 (11 SE2d 23); *Garrett v. State*, 203 Ga. 756, 763 (48 SE2d 377); *Pistor v. State*, 219 Ga. 161, 165 (132 SE2d 183).

In Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), the United States Supreme Court held that all evidence obtained by unreasonable searches and seizures in violation of the United States Constitution is inadmissible in a State court, being prohibited by the Fourteenth Amendment, which protects persons against unlawful searches and seizures by a State as the Fourth Amendment protects against such action by the national government. This court followed Mapp in *Raif v. State*, 109 Ga. App. 354 (136 SE2d 169). The contention that the Mapp decision requires the exclusion of voluntary confessions obtained during unlawful detention in State judicial proceedings has been rejected by Federal courts and by other State courts. Smith v. Heard, 315 F2d 692, 694, supra; State v. Lane, 10 N. Y. 2d 347, supra; United States v. Denno, 309 F2d 543, 545 (2d Cir. 1962).

In *Douberly v. State*, 184 Ga. 573, 574 (192 SE 223), the Georgia Supreme Court held that evidence "that the [defendant] had been arrested without a warrant, held in prison without being taken before a magistrate for several days . . . before he was alleged to have made said confession," considered with other

evidence, did not make the confession involuntary. Accord *Pistor v. State*, 219 Ga. 161, 165, supra.

It may be that the Georgia Supreme Court will reconsider previous decisions and rule that our courts should refuse to accept confessions obtained during a period of unlawful detention. The requirement of taking arrested persons before a judicial officer without delay "is in large measure prompted by the knowledge that 'The seeds of coercion sprout readily in the earth of illegal detention.'" State v. Lane, 10 N. Y. 2d 347, supra. But for this court the precedent of *Douberly v. State*, 184 Ga. 573, supra, is established. Following that decision we hold that the fact that a person is arrested without a warrant and is not conveyed before an officer authorized to issue a warrant within a reasonable time allowed for the purpose, as required by *Code Ann.* § 27-212, does not of itself render his confession, voluntarily given during his unlawful detention, inadmissible in evidence.

The trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*