23004.   MOLIGNARO v. BALKCOM, Warden.

Argued June 14, 1965—Decided July 8, 1965.

*Sullivan, Herndon & Smith, John J. Sullivan, W. Lance Smith,* for plaintiff in error.

*Eugene Cook, Arthur K. Bolton, Attorneys General, Peyton S. Hawes, Jr., Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* contra.

Grice, Justice.   We review here a judgment adverse to a petitioner in a habeas corpus proceeding.

Henry A. Molignaro filed his petition in the City Court of Reidsville against R. P. Balkcom, Jr., Warden of the Georgia State Prison, alleging that his confinement was illegal because he was denied the benefit of counsel, in violation of the Sixth Amendment of the United States Constitution. The respondent's answer denied the material allegations of the petition.   After a hearing, an order was entered remanding the petitioner to the custody of the warden, dismissing the petition, and quashing the writ.   The petitioner excepts to that judgment.

Upon the habeas corpus trial the evidence was undisputed that at the commitment hearing the petitioner had requested the appointment of legal counsel but that it was refused by the statement of the judge that "he would take care of it in court," referring either "to the county or superior court."

However, the evidence was in sharp conflict as to what had transpired in the Superior Court of Muscogee County upon petitioner's arraignment. He testified that he there told the judge he wanted a lawyer but that none was provided him, and that he did not understand he was pleading guilty. On the other hand the solicitor general who represented the State upon that occasion testified that the petitioner was then advised of his constitutional rights concerning legal counsel, that he did not request legal counsel, that he intelligently and voluntarily entered a plea of guilty to the charge, and that none of his constitutional rights was violated.

■ Petitioner was not denied the right of counsel by reason of events transpiring at the commitment hearing. This right, guaranteed by the Sixth Amendent to the United States Constitution and made applicable to the States by the Fourteenth Amendment (Gideon v. Wainwright, 372 U.S. 335, 83 SC 792, 9 LE2d 799), is that "In all *prosecutions* the accused shall enjoy the right . . . to have the assistance of counsel for his defense . . ." (Emphasis ours.) *Code* § 1-806.

While this court has not rendered a decision as to whether this right to counsel extends to a preliminary commitment hearing, the Court of Appeals of this State has decided this question. In *Blake v. State,* 109 Ga. App. 636 (137 SE2d 49), that court considered the nature of our Georgia preliminary commitment procedure and extensively reviewed the leading decisions upon the constitutional issues involved. It held that in Georgia the preliminary commitment hearing "is not *inherently* a critical stage. Its function is to authorize the keeping in custody of one accused with probable cause of committing a crime, pending determination by the grand jury from evidence presented to it that he should stand trial for the offense. (Even after arraignment the prisoner may withdraw a plea of guilty and plead not guilty at any time before judgment 'and such former plea shall not be given in evidence against him on his trial.' *Code* § 27-1404) . . . The absence of counsel at the preliminary hearing, where the defendant entered a plea of guilty that was not introduced in evidence at his trial, did not constitute a denial of due process of law under the Fourteenth Amendment to the United States Constitution." The court further pointed

out that in Georgia "the preliminary . . . hearing is for the purpose of determining whether there is probable ground to believe the accused guilty; it requires no defenses be made lest they be waived." Application for certiorari to this court was denied, as was that made to the Supreme Court of the United States. Blake v. Georgia, 379 U.S. 924.

We regard the *Blake case,* 109 Ga. App. 636, supra, as a sound and full refutation to the contention of the petitioner in the instant case that the right to counsel existed at his preliminary commitment hearing. The facts and circumstances of this case are even stronger than those of the *Blake* case as the petitioner here stated at the preliminary commitment hearing that he was *not* guilty. His rights were in no way prejudiced by the lack of counsel at that time.

We find nothing requiring a different result in the more recent decision by the Supreme Court of the United States in Escobedo v. Illinois, 378 U.S. 478 (84 SC 1758, 12 LE2d 977). There, the defendant had been questioned at length by the police in sessions from which his counsel was barred although the defendant requested his presence. The defendant made incriminatory admissions which were later introduced in evidence upon the trial. This combination of facts and circumstances prejudicing the defendant was regarded by the majority of five as rendering that stage of the proceedings, although still merely investigatory, sufficiently critical to require that the defendant be represented by counsel. However, the court in that decision also reiterated its statement made in an earlier case that: " 'State refusal of a request to engage counsel violates due process not only if the accused is deprived of counsel at trial on the merits, . . . *but also if he is deprived of counsel for any part of the pretrial proceedings,* provided that he is so prejudiced thereby as to infect his subsequent trial with an absence of "that fundamental fairness essential to the very concept of justice. . ." The latter determination necessarily depends upon all the facts and circumstances of the case.' " P. 491. The facts and circumstances in the Escobedo case are completely different from those in the case at bar.

The refusal to appoint counsel for the defendant at the commitment hearing did not violate due process.

■ As to whether the petitioner was denied the right of counsel in the superior court, the testimony was in sharp conflict. It warranted the finding that the right to counsel was not denied, but was effectively waived.

The disposition made by the habeas corpus court was correct. *Judgment affirmed. All the Justices concur, except Cook, J., disqualified.*