41998. MOORE v. THE STATE.

HALL, Judge. The defendant appeals from his conviction of assault with intent to rape. The defendant contends that he was indigent, and that the failure to provide counsel for him at his commitment hearing, and the failure to provide him before his trial with an examination and written report of his mental condition by a qualified psychiatrist or psychologist, were in contravention of his right to the assistance of counsel and preparation of his defense guaranteed by the Fourteenth Amendment to the Constitution of the United States.

1. We will assume, without deciding in this opinion, that the defendant was indeed indigent. "There is no question that the right of a person accused of a felony to the aid of counsel at all critical stages of proceedings designed to bring him to trial is fundamental and must be protected by the State under our system of government." *Blake v. State,* 109 Ga. App. 636, 638 (137 SE2d 49), cert. denied 379 U. S. 924. The Georgia appellate courts have held that the commitment hearing in Georgia, for the purpose of determining whether there is probable cause to believe the accused guilty of the crime charged and bind him over for indictment by the grand jury, is not inherently a critical stage of a criminal proceeding. *Molignaro v. Balkcom,* 221 Ga. 150 (143 SE2d 748) ; *Blake v. State,* supra. The record in the present case shows no facts or circumstances that made the preliminary hearing without counsel representing the defendant in this case a critical stage, in the sense that it prevented the accused from having a fair trial. See Estes v. Texas, 381 U.S. 532, 567 (85 SC 1628, 14 LE2d 543). The fact that police officers and other witnesses for the State testified at the hearing, and the defendant did not cross examine them or make a statement or call any witnesses on his own behalf, did not, as contended by the defendant, cause the defendant to be deprived of any fundamental right essential to a fair trial. It appears that the defendant had effective assistance of counsel at the trial and had the oppor-

tunity to confront these witnesses and exercised his right to cross examine them. Pointer v. Texas, 380 U.S. 400 (85 SC 1065, 13 LE2d 923), upon which the defendant relies, held that the introduction at the trial of the transcript of testimony given at the commitment hearing by the complaining witness, who had moved out of the State and was not present at the trial, was a denial of the accused's right, guaranteed by the Sixth Amendment, to confrontation of the witnesses against him, when the defendant had no counsel or opportunity to cross examine the witness at the preliminary hearing. It is not controlling here.

2. The defendant, through his attorney, filed a petition for mental examination which alleged that there was strong reason to believe that he was then incompetent to be tried, that at the time of the alleged offense he lacked the mental capacity to commit the offense, and that he was destitute and without funds to secure a medical examination. The petition prayed that the court appoint a qualified expert to conduct an examination at the expense of the county as to the defendant's mental capacity, that the defendant's attorney be given a report of the findings, and that the trial be reset for a reasonable time in the future to allow for the examination and to allow the attorney to confer with the expert appointed. In response to this petition the trial court appointed the Fulton County physician to conduct the examination, ordered him to report his findings to the court and defendant's counsel, and further ordered that the trial be reset until the examination was completed and a report submitted. When the case appeared on the trial calendar some thirty-four days later, the court had not received a report from the appointed physician. The trial judge then informed counsel for the defendant that he was going to call the physician by telephone and inquire as to the results of the examination. The appointed physician informed the court that he knew of no medical reason why the defendant was not mentally and physically able to stand trial and that, while he had some psychiatric disturbances, he appeared rational and knew right from wrong and was capable of assisting his attorney in the trial of the case. Counsel for defendant was so informed, and without further objection, the case proceeded to trial.

The defendant's counsel made no objection to the competency of the medical examiner appointed by the court nor is there

any evidence that this medical examiner was in fact incompetent. Nothing appears in the record nor does defendant's counsel contend that he was not allowed to confer with the medical examiner during the period of time which was allowed for the examination. While the findings were reported orally rather than in writing, defendant's counsel voiced no objection when informed of these findings nor did he make any motion for postponement. Counsel filed no special plea of insanity. The record in this case shows no error on the part of the trial judge in responding to the prayers of the defendant's petition for a mental examination or in proceeding with the trial of the case. *Roach v. State,* 111 Ga. App. 114 (3) (140 SE2d 919); *Chadwick v. State,* 221 Ga. 574 (2) (146 SE2d 283); *Roach v. State,* 221 Ga. 783 (1) (147 SE2d 299).

ARGUED MAY 3, 1966—DECIDED MAY 13, 1966—
REHEARING DENIED MAY 25, 1966.

*Robert E. Corry, Jr.,* for appellant.

*Lewis R. Slaton,* Solicitor General, *J. Walter Le Craw, Paul Ginsberg,* for appellee.