John **PAPPILLION**, Petitioner,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent.

**Civ. A. No. 66–H–541.**

United States District Court
S. D. Texas,
Houston Division.

Aug. 30, 1966.

John Pappillion, pro. se.

Waggoner Carr, Atty. Gen., of Texas, and Hawthorne Phillips, Asst. Atty. Gen., of Texas, Austin, Tex., for respondent.

*Memorandum and Order:*

INGRAHAM, District Judge.

The petitioner, John Pappillion, a prisoner in state custody, has applied to this court for leave to file in forma pauperis a petition for the writ of habeas corpus. His application to proceed in forma pauperis is granted in this court only, and the clerk is directed to file the petition.

Petitioner complains of his conviction for robbery by assault in the Criminal District Court #4 of Harris County, Texas, on August 18, 1965.

Petitioner first complains of his arrest in Houston, Texas. He claims that the arrest warrant by which he was arrested had been "presigned" by the Texas Justice of the Peace and was therefore invalid. He further alleges that he was not taken before a magistrate as required by Texas law.

Petitioner also complains about a second "arrest" which took place in New

York City, New York. He alleges that there was no warrant, that he was again not taken before a magistrate, and that he was "kidnapped" to Texas. Apparently, petitioner was on bond following the first arrest, for petitioner indicates that the "kidnapping" was carried out by "Texas officers and a bondsman".

Assuming that petitioner was twice illegally arrested in violation of his federal constitutional rights and twice not taken before a magistrate as required by Texas law, still no ground is alleged upon which the writ of habeas corpus could issue.

■ A preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus. See Collins v. Beto, D.C., 245 F.Supp. 639, 640, and cases there cited.

■ Petitioner's present confinement is based upon a conviction by a jury after indictment, not upon any illegal arrest or arrests or "kidnapping" which may have occurred. Petitioner does not allege that his conviction was based in whole or in part on any evidence seized as a result of the arrests, or any confessions flowing from them, or any other connection or relationship between his arrests and his trial and conviction. The fact of an illegal arrest does not itself render the victim immune from prosecution and valid conviction. An illegal arrest standing alone does not give rise to habeas corpus relief. See United States ex rel. Gary v. Hendrick, D.C., 238 F. Supp. 757, 759, and cases cited there.

■ Because the allegations advanced by petitioner, if proved to be true, would not entitle him to habeas corpus relief, no hearing is necessary. Therefore, the petition for the writ of habeas corpus is denied. This is a final judgment.

True copies hereof will be forwarded by the clerk to petitioner and the Attorney General of Texas.