## 42389. WHITFIELD v. THE STATE.

DEEN, Judge. 1. "A commitment hearing is a valuable right which the law gives to one accused of crime," and failure

to hold an examination before a committing officer where the defendant has been arrested and held in jail without bail, and where there is no intelligent and voluntary waiver of such hearing prior to indictment may result, depending on the circumstances of the case, in voiding all subsequent proceedings, including indictment, trial and conviction. *Manor v. State,* 221 Ga. 866, 868 (148 SE2d 305). This is true although, had the defendant not been so arrested and held, he might in the first instance have been indicted by the grand jury and arrested by reason of the indictment, in which case no commitment hearing would have been involved. *Code Ch.* 27-7. Where the defendant is arrested on warrant he must be taken before the committing magistrate within 72 hours after his arrest (*Code Ann.* § 27-210) but this means that he be *presented to* the committing magistrate and notified as to when and where the committal hearing is to be held, not that the hearing itself must be within the 72-hour period. *Dodson v. Grimes,* 220 Ga. 269 (1) (138 SE2d 311). Under *Code* § 27-403 the right is given to the committing magistrate to postpone the hearing for cause at the instance of either party, and to the defendant to obtain bail at that time, if the offense is bailable.

It is contended by the defendant here that he was arrested, kept in jail almost two weeks without bail and without a commitment hearing (during which time he made a confession) and finally, without ever having been brought to trial before the committing magistrate, indicted by the grand jury, and that he was thereby deprived of his right to a commitment hearing, deprived of his right to bail, and forced to make a confession which he later repudiated. Such charges, if substantiated, would add up to a denial of due process as contended. However, the following appears from the record in the case: The defendant was arrested, and confessed the following day, prior to the expiration of the 72-hour period but before obtaining counsel. The police officers involved testified that the confession was voluntary and he was informed of his right to counsel. He was brought before the committing magistrate, and so far as appears from the record this was also within a 72-hour period. He had counsel at that time. His confession was repudiated at that time, and a continuance granted the State in view of this fact to subpoena witnesses. The case again came up for hearing and

this time was continued at the instance of counsel for the defendant. It does not appear that bail was denied or that excessive bail was imposed, nor does it appear that any of these questions, except that relating to the voluntariness of the confession, was raised upon the trial of the case, nor was there any motion to quash the proceedings (as does appear in *Manor v. State*, 221 Ga. 866, supra) because of irregularities. A witness for the State explained that the case was finally taken to the grand jury because of the two or three postponements of committal hearing since the grand jury was then in session and it seemed a quicker procedure. Enumerations of error 4, 5 and 13 are inadequate both because they are not sufficiently supported by evidence and because the questions involving violation of the defendant's constitutional rights should first have been raised in the trial court. *State Hwy. Dept. v. Kirchmeyer*, 222 Ga. 79, 80 (148 SE2d 387); *Perry v. Maryland Cas. Co.*, 216 Ga. 93 (115 SE2d 102).

2. One of the police officers testified on cross examination: "We do not try to force anyone into an admission. We told him [he could have an attorney present if he wanted it] and he made the statement he wanted to get out on bond as quick as he could. He was willing to plead guilty with what he was charged with and told us everything, what happened that night, from his drinking party to taking the keys back to the man, in the police station. We booked the case and a bond is automatically set at that time. . . I have no authority as to what bond is set. If they have a bad record I ask for all the bond the court or grand jury will set." These statements do not amount to an admission that the defendant was offered a "quick bond" in exchange for his confession. Enumerations of error 9 and 10 show no cause for reversal.

3. Enumerations of error 6 and 7 contend that the defendant was denied a thorough and sifting cross examination of one of the State's witnesses, an arresting officer. In the course of the cross examination three objections were sustained: one to an argumentative question as to whether the committment hearing had been postponed two times or three; one to a question as to whether the defendant was present when the indictment was considered by the grand jury, which was ruled irrelevant, and one as to a question about what the

police officers "usually do in all these cases." None of these rulings constituted error. *Moore v. State,* 221 Ga. 636 (2) (146 SE2d 895).

4. The defendant in sworn testimony stated that he told the arresting officer: "I have not been doing no burglary. I just got out of trouble. I work from 11 to 7 at Grady. Why don't you check it out?" Based on this statement, the court gave the jury instructions on the law of alibi, to which counsel for the defendant objected on the ground that no evidence as to alibi had been presented. The court then said: "If you want me to withdraw it, I will withdraw it." Assuming but not deciding that the instructions given were not authorized by this evidence, counsel for the defendant was at this point given the choice between insisting on the objection urged or, by failing to do so, acquiescing in the charge as given. As to the necessity of renewing an objection in such a case, see *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128 SE2d 496) (necessity for renewing a motion for mistrial after cautionary instructions); *Teague v. Adair Realty &c. Co.,* 92 Ga. App. 463 (88 SE2d 795) (waiver of objections to evidence by allowing evidence of similar import without objection); *Weiss v. Johnson & Johnson Const. Co.,* 98 Ga. App. 858 (1) (107 SE2d 708) (waiver of grounds of demurrer by failure to renew the objection after amendment), etc. The failure of the defendant to elect to have the instruction withdrawn when given the opportunity constituted a waiver of this ground of objection. The enumeration of error numbered 8 is not meritorious.

5. The evidence in the case established a breaking and entering and identification by the owner of the goods stolen. The defendant was given a sentence of 10 years upon his conviction of the offense of burglary, which being within the limits fixed for the offense by *Code* § 26-2402 (1 to 20 years) is as a matter of law not excessive. *Curtis v. State,* 102 Ga. App. 790 (118 SE2d 264). Enumerations of error 1, 2, 3, 11, 12, 14 and 15 are without merit.

*Judgment affirmed. Quillian, J., concurs. Hall, J., concurs in the judgment and Divisions 2, 3, 4 and 5.*

SUBMITTED NOVEMBER 7, 1966—DECIDED JANUARY 24, 1967— REHEARING DENIED FEBRUARY 17, 1967.

*Grace W. Thomas*, for appellant.

*Lewis R. Slaton, Solicitor General, J. Roger Thompson, J. Walter LeCraw, Amber W. Anderson*, for appellee.