Leon D. PHILLIPS, Appellant,

v.

A. L. DUTTON, Warden, Georgia State Prison, Reidsville, Georgia, Appellee.

No. 24208.

United States Court of Appeals Fifth Circuit.

June 15, 1967.

Thomas F. Walsh, Savannah, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., Atlanta, Ga., Arthur K. Bolton, Atty. Gen., G. Ernest Tidwell, Executive Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM.

Appellant was convicted in the Fulton County, Georgia, Superior Court of larceny from the house and sentenced on March 8, 1960 to a term of eight years. On August 4, 1960, he left the penitentiary and was not returned until December 2, 1965. Prior to filing the present petition, a similar petition for habeas corpus was filed in the Reidsville, Georgia, City Court and denied. He testified that on August 4, 1960, while then serving his sentence, he was sent to the Battey State Hospital, Prison Branch, in Rome, Georgia, and was told by the Warden that he was released. The official records of the Georgia State Prison, testified to by Charles R. Balkcom, show that he escaped from incarceration on that date and was not returned until December 2, 1965 when custody was secured from the Florida State Prison where he had most recently been serving a five-year sentence. The Georgia prison records disclose no evidence of a release such as appellant asserts.

Appellant contends that having been sentenced on March 8, 1960 to eight years' imprisonment, his normal release date would be March 1968 and under allowances for statutory good time he is now eligible for release. However, he has not carried the burden of proving his allegations by a preponderance of the evidence (see Williams v. Beto, 5 Cir., 1965, 354 F.2d 698), nor are we convinced that the findings of the district court on conflicting evidence should be disturbed since they are not clearly erroneous. In fact, we agree with them. See Post v. Boles, 4 Cir., 1964, 332 F.2d 738, cert. den. 380 U.S. 981, 85 S.Ct. 1346, 14 L.Ed.2d 274 (1965).

We hold, therefore, that the writ was properly denied because appellant's Georgia state sentence was tolled by his escape and the time of his imprisonment did not again begin to run until his return to the Georgia State Prison on December 2, 1965. Obviously, he has not yet served his eight-year sentence.

Affirmed.