**Charlie H. SCARBROUGH, Appellant,**

**v.**

**A. L. DUTTON, Warden, Georgia State Prison, Reidsville, Georgia, Appellee.**

**No. 24740.**

United States Court of Appeals Fifth Circuit.

April 18, 1968.

Fahy, Circuit Judge, dissented.

Michael J. Gannam, Savannah, Ga., for appellant.

Marion O. Gordon, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Mathew Robins, Deputy Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before BROWN, Chief Judge, and FAHY * and DYER, Circuit Judges.

PER CURIAM:

Appellant is now serving a life sentence for murder in the Georgia State Penitentiary. After a full evidentiary hearing in the Federal Court on the disputed fact issues his petition for a writ of habeas corpus was denied by the District Judge. Cf. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Appellant presents two points of error, both of which we find to be without merit, and we therefore affirm the decision of the District Court.

Appellant initially contends that he was denied due process of law because he was incarcerated for seven months prior to trial without ever having had a preliminary hearing. In Georgia, the only purpose of a preliminary hearing is to determine whether probable

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

cause exists to hold a person for trial. This hearing in Georgia, as in most other states, is not *per se* a critical stage of a criminal proceeding. See Moore v. State, 113 Ga.App. 738, 149 S.E.2d 492. An accused is not required at this hearing to make any pleas or raise any defenses and no rights may be lost which would prejudice his defense at a later trial. In fact, Appellant does not contend here that any rights were lost by him because of a failure to have a preliminary hearing. Cf. Pointer v. State of Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. The failure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights which would vitiate the subsequent conviction. See Graves v. Eyman, 9 Cir., 1967, 373 F.2d 324; Chester v. People of State of California, 9 Cir., 1966, 355 F.2d 778; Pappillion v. Beto, S.D.Tex., 1966, 257 F.Supp. 502; cf. Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. Also, Appellant had counsel for at least three months before trial and there is no contention that his attorney did not do everything necessary to secure a fair trial.

██ Appellant also contends that he was sentenced before the jury returned its verdict. The Trial Judge found as a fact that this was not true and the evidence supports this finding. See Phillips v. Dutton, 5 Cir., 1967, 378 F.2d 898; Williams v. Beto, 5 Cir., 1965, 354 F.2d 698; Post v. Boles, 4 Cir., 1964, 332 F.2d 738, cert. denied, 380 U.S. 981, 85 S.Ct. 1346, 14 L.Ed.2d 274.

Affirmed.

FAHY, Circuit Judge (dissenting):

Due to Georgia statutory developments since the decision of the District Court I would vacate its order and remand the case for dismissal of the application for the writ with leave to appellant to resort to the present habeas corpus procedures of the State of Georgia which became effective during the pendency of this appeal. The decision of federal questions, if any, which thereafter might arise, would await the result. The Georgia procedures referred to became effective July 1, 1967, through the Habeas Corpus Act of 1967, Ga.Code Ann. § 50–101 et seq. (Supp.1967). See Appendix to McGarrah v. Dutton, 5th Cir., 381 F.2d 161, 166 et seq. And see 28 U.S.C. § 2254.

My doubts about the merits are serious enough to lead me to desire to avoid a decision which does not afford appellant an opportunity to proceed under the new Georgia statute. Compare the recent decision of this court in Kerr v. Dutton, 5th Cir., 393 F.2d 79. The case of Moore v. State, 113 Ga.App. 738, 738, 149 S.E.2d 492, 493, to the effect that the commitment hearing in Georgia "is not inherently a critical stage of a criminal proceeding," citing Molignaro v. Balkcom, 221 Ga. 150, 143 S.E.2d 748, and Blake v. State, 109 Ga.App. 636, 137 S.E.2d 49, cert. denied, 379 U.S. 924, 85 S.Ct. 281, 13 L.Ed.2d 337, and see Kerr v. Dutton, supra, does not foreclose the question whether in the circumstances before us it might well be a critical stage. Moreover, the Georgia cases referred to, as well as Graves v. Eyman and Chester v. People of State of California, sited in the court's opinion, involved the right to counsel at a preliminary hearing, whereas our case involves the right to a preliminary hearing itself. Arrested for murder in May appellant remained in confinement, without counsel and apparently without advice with respect to counsel, for some three to four months. See McGarrah v. Dutton, supra. He was tried in December on an indictment returned in November. On this record all we know respecting the representation of appellant is that three or four months prior to trial, which was three or four months after his arrest and detention, he had counsel. We know nothing more. A capital case which comes along in this fashion, without compliance with the command of the applicable Georgia statutes regarding

a preliminary hearing,[1] is not necessarily controlled, in my opinion, by rulings that lack of counsel at a preliminary hearing does not necessarily render some or all subsequent proceedings nugatory. In Manor v. State, 221 Ga. 886, 868–869, 148 S.E.2d 305, 307, the right to a preliminary or commitment hearing is characterized as:

a valuable right which the law gives to one accused of crime. Ga.L.1956, p. 796 (Code Ann. § 27–210); Code § 27–401 et seq. A lawyer recognizes this fact, for this affords him an opportunity to make the State show its hand by putting up the evidence it has against the accused, which enables him to know what he has to defend against, as well as to protect his client against commitment without sufficient evidence. Savannah News-Press, Inc. v. Harley, 100 Ga.App. 387, 391, 111 S.E. 2d 259.

This view was repeated in the following dicta in Whitfield v. State of Georgia, 115 Ga.App. 231, 231–232, 154 S.E. 2d 294, 296:

"A commitment hearing is a valuable right which the law gives to one accused of crime," and failure to hold an examination before a committing officer where the defendant has been arrested and held in jail without bail, and where there is no intelligent and voluntary waiver of such hearing prior to indictment may result, depending on the circumstances of the case, in voiding all subsequent proceedings, including indictment, trial and conviction. Manor v. State, 221 Ga. 866, 148 S.E. 2d 305.[2]

Assuming there is no independent federal constitutional right to a preliminary hearing, where state law guarantees such a hearing to the accused it "becomes a federal constitutional guarantee * * * as a part of the due process of the state, which must be afforded equally to all defendants." Guerra v. Rodriguez, 10th Cir., 372 F.2d 472, 473.

The discovery aspects of a preliminary hearing are not the only factor bearing upon the possibility of prejudice in this case. There is the additional factor of protracted delay in representation, accompanied, insofar as the record before us discloses, with no advice as to his right to counsel.

1. Ga.Code Ann. § 27–210 (Supp.1967):

Every officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and in any event to present the person arrested before a committing officer within 72 hours after arrest. The arresting officer shall notify the accused as to when and where the commitment hearing is to be held. The offender who is not notified of the time and place of the commitment hearing, before the hearing, shall be released.

Ga.Code Ann. § 27–212 (Supp.1967):

In every case of an arrest without a warrant the person arresting shall without delay convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose and any person who is not conveyed before such officer within 48 hours shall be released.

2. It is not clear to me that all subsequent proceedings would need to be voided. A new trial on the indictment might suffice, since the trial already held could supply the previous lack of "opportunity to make the State show its hand by putting up the evidence it has against the accused, which enables him to know what he has to defend against * * *." Manor v. State of Georgia, supra 148 S.E.2d at 307. In federal habeas corpus proceedings, "The court shall * * * dispose of the matter as law and justice required," 28 U.S.C. § 2243. Irvin v. Dowd, 366 U.S. 717, 728–729, 81 S.Ct. 1639, 6 L.Ed.2d 751; Reck v. Pate, 367 U.S. 433, 444, 81 S.Ct. 1541, 6 L.Ed.2d 948.