**Thomas J. KERR, Appellant,**

v.

**A. L. DUTTON, Warden, Georgia State Prison, Appellee.**

**No. 25292.**

United States Court of Appeals
Fifth Circuit.

March 22, 1968.

Rehearing Denied June 18, 1968.

Fred S. Clark, Savannah, Ga., for appellant.

Mathew Robins, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

The sole issue presented on this appeal from the district court's denial of habeas relief is whether the appellant was entitled to be represented by counsel at his preliminary hearing where he requested appointment of counsel. The ultimate issue in this case is whether the commitment hearing is a critical stage in Georgia criminal procedure. Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

It should be noted at the outset that if the Georgia commitment hearing is a critical stage, then a defendant would have to be informed of his right to counsel—and to appointed counsel if he were indigent—regardless of whether he made any request. A defendant "whose sophistication or status had fortuitously prompted him to make a request" should not have the right by virtue of his request when one of less sophistication might not think to make any request. See Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. That Kerr requested a lawyer to be present at his commitment hearing is thus irrelevant.

"The Georgia appellate courts have held that the commitment hearing in Georgia, for the purpose of determining whether there is probable cause to believe the accused guilty of the crime charged and bind him over for indictment by the grand jury, is not inherently a critical stage of a criminal proceeding." Moore v. State, 1966, 113 Ga.App. 738, 149 S.E.2d 492; Blake v. State, 1964, 109 Ga.App. 636, 137 S.E.2d 49, cert. denied, 379 U.S. 924, 85 S.Ct. 281, 13 L.Ed.2d 337; Molignaro v. Balkcom, 1965, 221 Ga. 150, 143 S.E.2d 748; Smith v. Fuller, 1967, 223 Ga. 673, 157 S.E.2d 447.[1] And this Court has recently held that an incarcerated defendant does not have a constitutional right to a preliminary commitment hearing in Georgia. Scarbrough v. Dutton, 5 Cir. 1968, 393 F.2d 6 (1968).[2] It would follow that denial of appointed counsel at such a hearing, when it is accorded, does not violate a defendant's constitutional rights.

White v. State of Maryland, supra, and Hamilton v. State of Alabama, supra, are inapposite. In *White* the defendant pleaded guilty without a lawyer at the preliminary hearing after having been in custody for over two months. Then at

---

1. In Manor v. State, 1961, 221 Ga. 866, 148 S.E.2d 305, the court, apparently outraged at the treatment of the defendant in the Savannah jail, observed that the commitment hearing was a "valuable right" and that the defendant's decision, made without benefit of counsel, to waive his commitment hearing was "crucial". In subsequent cases this decision has been ignored, see cases cited in text, and distinguished away, Cannon v. Grimes, 1967, 223 Ga. 35, 153 S.E.2d 445; Whisman v. State, 1967, 223 Ga. 124, 153 S.E.2d 548. Viewing the cruel and inhumane manner in which the defendant in *Manor* had been treated in the jail, the Georgia court nullified all of the proceedings in the case. We consider *Manor* as have the Georgia courts, as limited to the extraordinary facts and circumstances of that case.

2. As a general rule there is no constitutional right to a preliminary hearing prior to indictment or trial. Graves v. Eyman. 9 Cir. 1967, 373 F.2d 324, 325; United States v. Luxenberg, 6 Cir. 1967, 374 F. 2d 241, 248, and cases cited; Clarke v. Huff, 1941, 73 App.D.C. 351, 119 F.2d 204, and cases cited.

his trial, even though he pleaded not guilty, his original plea entered at the preliminary hearing was allowed in evidence against him. In *Hamilton* it was decided that the Alabama arraignment proceeding was a critical stage in the criminal proceeding because some basic motions, such as a plea of insanity, had to be pleaded there or lost. Kerr here alleges no prejudicial or detrimental effect from his appearance at the hearing without counsel. "Where no plea was called for or made, and no prejudice was shown, White does not require compulsory furnishing of counsel." Delgado v. Pagan Cancel, 1 Cir. 1966, 363 F.2d 105; United States ex rel. Cooper v. Reincke, 2 Cir. 1964, 333 F.2d 608, cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181; DeToro v. Pepersack, 4 Cir. 1964, 332 F.2d 341, cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181.

The judgment is affirmed.