Charles Donald **MURPHY**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 27799
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 26, 1969.

Charles Donald Murphy, pro se.

Nola White, Asst. Atty. Gen., State of Tex., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

**PER CURIAM:**

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

The appellant, a Texas convict, was convicted of felony theft as a recidivist, for which he was sentenced to life imprisonment. Having exhausted the state remedies available to him, he petitioned for a writ of habeas corpus in the United States District Court, which denied relief without first holding an evidentiary hearing.

Appended to and made part of this opinion is the opinion of the district court, as yet unpublished. For the reasons so well set forth in that opinion, the judgment of the court below is affirmed.

Affirmed.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES DONALD MURPHY,

Petitioner,

versus

CIVIL ACTION
No. 69-H-362

DR. GEORGE J. BETO, DIRECTOR,
TEXAS DEPARTMENT OF CORRECTIONS,

Respondent.

Filed: April 21, 1969

*Memorandum and Order:*

Petitioner, Charles Donald Murphy, a prisoner in state custody, has forwarded to this court a petition for the writ of habeas corpus and an application to proceed in forma pauperis.

Leave to proceed in forma pauperis is granted in this court only and the clerk is directed to file the petition.

The petitioner challenges his confinement on the following grounds:

(1) That he was deprived of due process of law because he was denied an examining trial;

(2) That he was denied the assistance of counsel by being deprived of an examing trial;

(3) That he was denied due process of law because the prosecution was permitted to introduce into evidence a prior

conviction which was not alleged in the indictment;

(4) That a prior conviction alleged for enhancement was void because it was based upon a void indictment;

(5) That it was error for the trial judge to inform the jury of the range of punishment possible for the offense in the charge because it was a bifurcated trial and at that stage guilt was the only issue; and

(6) That he was deprived of due process because the trial judge was the district attorney at the time of one of his convictions alleged for enhancement.

■■ The petitioner's first and second contentions are without merit. This court has held that "a preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus." Pappillion v. Beto, 257 F.Supp. 502, 503 (S.D.Tex.1966). Moreover, counsel was appointed for him several months before trial. He does not allege that his attorney did not pursue his defense with vigor. See Scarbrough v. Dutton, 393 F.2d 6, 7 (5 CA 1968).

■ The petitioner's third contention was disposed of by the Texas Court of Criminal Appeals thusly:

"Appellant's last contention is that the court erred in admitting at the hearing on punishment evidence of a prior conviction which had not been alleged in the indictment. It is not necessary that a prior conviction which is used merely to show the accused's reputation at the hearing on punishment in a bifurcated trial, be alleged in the indictment."

Murphy v. State, 424 S.W.2d 231, 233 (Tex.Crim.App.1968).

■ Insofar as this court's power of review is concerned, it has been held that an alleged error in admitting evidence of prior unrelated crimes is not a basis for federal habeas corpus relief. Prater v. Myers, 226 F.Supp. 19 (E.D.Pa.), cert. denied, 377 U.S. 1005, 84 S.Ct. 1942, 12 L.Ed.2d 1054 (1964).

■■ The petitioner's fourth contention is based upon the claim that the prior indictment failed to state an offense. The Texas Court of Criminal Appeals specifically held that it did. In a federal court, whether an offense is sufficiently alleged in an indictment is not a proper subject for inquiry on habeas corpus, unless the indictment is so fatally defective as to deprive the convicting court of jurisdiction. Johnson v. Walker, 199 F.Supp. 86 (E.D.La.1961), aff'd, 317 F.2d 418 (5 CA 1963), Harding v. Logan, 251 F.Supp. 710 (E.D.N.C.1966). Jurisdiction to try an offense includes jurisdiction to determine whether the offense is properly charged. When it appears, as here, that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case, the issue is foreclosed to a federal habeas court.

■■ The petitioner's fifth contention is likewise without merit. A state prisoner's allegation that the jury instructions were improper is not entitled to habeas corpus relief unless the improprieties clearly show a denial of due process such as to deprive the petitioner of fundamental fairness. See, e. g., United States ex rel. Sliva v. Pennsylvania, 196 F.Supp. 50 (E.D.Pa.1961). Informing the jury of the nature, gravity, and possible penalty for the offense does not rise to a deprivation of due process.

■ The petitioner's last contention, that the trial judge was district attorney at the time of one of his convictions alleged for enhancement, is not a sufficient ground for disqualification and does not present a question cognizable in habeas corpus. Goodspeed v. Beto, 341 F.2d 908 (5 CA 1965).

For the foregoing reasons, the petition for the writ of habeas corpus is dismissed. This is a final judgment.

True copies hereof will be forwarded by the clerk to the petitioner and the Attorney General of Texas.

Done at Houston, Texas, on this, the 21st day of April, A.D.1969.

/s/ JOE INGRAHAM
United States
District Judge