**Robert Louis STEPHENSON, Plaintiff-Appellant,**

v.

**Walter GASKINS, Sheriff, Berrien County, Defendant-Appellee.**

No. 75–4301
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert Louis Stephenson, pro se.

J. Reese Franklin, Nashville, Ga., for defendant-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Having withheld the mandate, the court on its own motion withdraws its original panel opinion, dated May 14, 1976, and substitutes this modified opinion in lieu thereof.

Appellant Robert Louis Stephenson brought this 42 U.S.C.A. § 1983 action against appellee Walter Gaskins, the sheriff of Berrien County, Georgia. Arrested pursuant to a lawful arrest warrant for forgery on December 17, 1973, Stephenson was released from jail on January 24, 1974. During this thirty-eight day period, defendant was never given a preliminary hearing, despite his alleged repeated requests for such a hearing to demonstrate that the charge against him was without merit. After his release from jail, Stephenson was never indicted for the forgery charge; defendant's pleadings are unclear as to the reason for plaintiff's release or for the failure to indict him.

Stephenson sued, claiming that he had been denied the right to bail, that he had been deprived of the right to a preliminary hearing in violation of the due process clause of the Fourteenth Amendment, and that he had been falsely imprisoned because of defendant's negligence. Defendant Sheriff Gaskins moved pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss on the ground that all of his actions were carried out in his official capacity and that he was, therefore, immune from any suit for alleged violations of plaintiff's civil rights. The district court granted the motion to dismiss for failure to state a claim, citing the reason asserted in defendant's motion— namely, the sheriff's absolute immunity from suit for actions arising out of the exercise of his official duties.

In the recent case of *Bryan v. Jones,* 530 F.2d 1210 (5th Cir. 1976) (*en banc*), this court recognized that in § 1983 false imprisonment suits, a sheriff is shield-

ed by official immunity. Not absolute, however, this immunity is qualified by the requirement that the sheriff act reasonably and in good faith. *Id.* at 1215. Accordingly, because a sheriff's immunity is not absolute, the district court's dismissal on that ground, alone, was erroneous. In addition, because allegations that one has been falsely imprisoned and denied bail do, on their face, state a claim for relief, a 12(b)(6) dismissal of them would be improper.* We state no opinion on whether a properly made motion for summary judgment, pursuant to Rule 56, F.R.Civ.P., would reveal that no genuine issue of material fact exists and would, therefore, justify a district court judgment as a matter of law for defendant on the allegations of false imprisonment and denial of bail.

REVERSED and REMANDED for proceedings not inconsistent with this opinion.

---

* Plaintiff's claim that the denial of his demand for a preliminary hearing violated rights guaranteed to him under the Due Process Clause of the Fourteenth Amendment has been foreclosed by applicable Fifth Circuit precedent. In *Scarbrough v. Dutton,* 393 F.2d 6 (5th Cir. 1968) this court held that even though Ga.Code Ann. § 27–210 required that an officer arresting under a warrant bring the person arrested before a committing officer within 72 hours after arrest, failure to take an arrestee before a magistrate is not a federal constitutional issue. *Accord, Perry v. Jones,* 506 F.2d 778 (5th Cir. 1975) and *Anderson v. Nosser,* 438 F.2d 183 (5th Cir. 1971), modified *en banc,* 456 F.2d 835 (1972). We do not read *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), which involved the right of one arrested under a prosecutor's information, as opposed to an arrest warrant based on probable cause, to require a different result. It is not clear from plaintiff's *pro se* complaint whether he is bas-

ing his claim of false imprisonment solely on the failure of the sheriff to pursue his request for a preliminary hearing or whether there are other grounds for such a claim. Of course, if the false imprisonment claim were based solely on the failure to give plaintiff a preliminary hearing, *Scarbrough* and progeny would foreclose that argument. Yet, we cannot say, from our reading of plaintiff's rather inartfully drawn complaint, that plaintiff's claim of false imprisonment rests entirely on this invalid ground. Therefore, in view of the liberality with which courts are required to construe *pro se* pleadings, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 *reh. den.,* 405 U.S. 948, 92 S.Ct. 963, 130 L.Ed.2d 819 (1972); *Campbell v. Beto,* 460 F.2d 765 (5th Cir. 1972), we do not believe that plaintiff's false imprisonment claim, as presently drawn, should be dismissed merely on a 12(b)(6) motion for failure to state a claim.