United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40422
Summary Calendar
_____

LESLIE IBSEN ROGGE,

                                        Petitioner-Appellant,

versus

ROBERT MILES, Warden,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-359-MAC-WCR
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Leslie Ibsen Rogge, federal prisoner # 13915-004, appeals
the district court's denial of his 28 U.S.C. § 2241 petition.
Ibsen challenged the determination by the Bureau of Prisons (BOP)
that he had escaped from incarceration, rather than being
inadvertently released, and therefore that he was not entitled to
credit for the 3884 days he was out of custody.  Rogge has not
established that the district court erred in determining that the
BOP properly found that Rogge had escaped and was not entitled to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the credit.  See Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998); Phillips v. Dutton, 378 F.2d 898, 898 (5th Cir. 1967).

Rogge also contends that the BOP denied him due process by failing to give him notice and provide him with a hearing before deciding not to award him the credit for the time he spent out of custody.  Because Rogge failed to exhaust his administrative remedies on this ground, he is not entitled to relief.  See United States v. Wilson, 503 U.S. 329, 335-36 (1992).  Even if Rogge had exhausted the claim, he has not demonstrated a due process violation.  Cf. Wolff v. McDonnell, 418 U.S. 539, 557, 561 (1974); Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000).  The judgment of the district court is thus AFFIRMED.