## POWELL v. HUNTER.
### No. 3741.

United States Court of Appeals.
Tenth Circuit.
Jan. 19, 1949.

Joe T. Powell, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Lester Luther, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus.

Three indictments were returned against Powell, the petitioner, in the United States District Court for the Eastern District of Tennessee. The first indictment, No. 7545, contained two counts, one charging a violation of 18 U.S.C.A. § 88 [now § 371], and the other a violation of 18 U.S.C.A. § 408a [now § 1201]. On November 10, 1937, he entered a plea of guilty to each count and was sentenced to imprisonment for 15 years.

The second indictment, No. 4546, charged a violation of 18 U.S.C.A. § 408e [now § 1073]. On November 12, 1937, he entered a plea of guilty thereto and was sentenced to imprisonment for a period of five years, to run concurrently with the sentence in No. 7545.

The third indictment, No. 7601, charged a violation of 18 U.S.C.A. § 753h [now § 751]. On November 10, 1937, he entered a plea of guilty thereto and was sentenced to imprisonment for a period of one-half min-ute, such sentence to commence at the expiration of the sentence in No. 7545.

Under 18 U.S.C.A. § 710 [now § 4161],[1] petitioner, had he observed the rules of the institution in which he was confined, would

[1] Section 710 in part reads as follows: "Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any State or Territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, * * *."

have been eligible for conditional release December 6, 1947. The record discloses, however, that while confined in the United States Penitentiary at Atlanta, Georgia, 30 days of his "good time" allowance were forfeited on October 2, 1939, and an additional 730 days were forfeited on May 2, 1945. On December 1, 1947, 200 days of the forfeited "good time" were restored to him.

Petitioner was transferred to the United States Penitentiary at Leavenworth, Kansas, on July 14, 1945. On December 18, 1947, he filed his application for a writ of habeas corpus on the ground that he was unlawfully deprived of his statutory "good time" allowance and was, therefore, illegally detained of his liberty.

At the hearing below, petitioner testified that while confined in the United States Penitentiary at Atlanta, he invented a signaling device which he considered useful to fliers and sailors forced to take to lifeboats and rafts at sea. He requested permission of the warden to send correspondence pertaining to the device out of the prison, and upon refusal by the warden, he colluded with another inmate to send, and did send, uncensored communications out of the prison.

On the charge of smuggling prohibited communications from the prison, petitioner was given a hearing before a prison board consisting of six members. The warden was not a member of such board. The board recommended forfeiture of 730 days of petitioner's statutory "good time," which recommendation was concurred in by the warden.

The trial court found that the prison board had not acted arbitrarily, capriciously, or fraudulently and discharged the writ.

 Under the express provision of § 710, supra, a prisoner is entitled to "good time" allowance only where his record shows he has faithfully observed all the rules and has not been subjected to punishment.[2] It is a privilege which may be forfeited for a failure faithfully to observe the rules within the meaning of § 710.[3] The prison system is under the administration of the Attorney General, 18 U.S.C.A. § 741 [now § 4001], and not of the district courts. The court has no power to interfere with the conduct of the prison or its discipline. It may discharge upon habeas corpus only where the petitioner is illegally detained.[4]

The action by the prison board in forfeiting 730 days of petitioner's "good time" was within the jurisdiction and power of that tribunal and was conclusive on the trial court,[5] unless it acted arbitrarily, capriciously, or fraudulently.[6] Under the finding of the trial court, which was supported by substantial evidence, the writ was properly discharged.

Affirmed.

---

[2] Pagliaro v. Cox, 8 Cir., 143 F.2d 900, 901.

[3] Morgan v. Aderhold, 5 Cir., 73 F.2d 171, 172.

[4] Platek v. Aderhold, 5 Cir., 73 F.2d 173, 175; Sarshik v. Sanford, 5 Cir., 142 F.2d 676.

[5] In re Terrill, 8 Cir., 144 F. 616, 621, 622.

[6] Griffin v. Zerbst, 10 Cir., 83 F.2d 805, 806.