**BERNDT v. LOONEY, Warden.**

**Crim. A. No. 4149.**

United States District Court
W. D. Arkansas, Texarkana Division.

Aug. 27, 1953.

Richard Willard Berndt, pro se.
No appearance for defendant.

JOHN E. MILLER, District Judge.

On August 25, 1953, plaintiff's petition for writ of mandamus was filed. He alleges that on November 17, 1950, he was sentenced to four years imprisonment in Criminal Action No. 4037, Texarkana Division; that while he was serving said sentence he entered a plea of guilty and was sentenced to a year and a day in Criminal Action No. 4149. He complains that the defendant has aggregated these sentences, for purposes of computing good time, into a sentence of five years and one day, and prays the Court to enter an order requiring defendant to separate the sentences and to begin the service of the sentence imposed in No. 4149 at the expiration of the service of the sentence in No. 4037.

Plaintiff's petition was filed in forma pauperis, without plaintiff's having obtained permission to so proceed. The Court has disregarded the omission to obtain such consent and, in accordance with its continuing duty to determine its own jurisdiction, has read and examined the petition and concludes that the petition shows on its face that it is completely without merit for the following reasons:

(1) This is not the proper forum in which to initiate a proceeding in the nature of mandamus, since venue in such an action must be in the district wherein the defendant resides, and it is apparent that the defendant does not reside in this district. See, Howard v. United States, 10 Cir., 126 F.2d 667, certiorari denied, 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768, rehearing denied, 317 U.S. 705, 63 S.Ct. 25, 87 L.Ed. 563; Grand International Brotherhood of Locomotive Engineers v. Morphy, 2 Cir., 109 F.2d 576, certiorari denied 310 U.S. 635, 60 S.Ct. 1078, 84 L.Ed. 1404; Cyclopedia of Federal Procedure, Section 84.50, Page 362; 28 U.S.C.A. § 1391.

(2) This Court does not have jurisdiction over the subject matter of this action. Rule 81(b), F.R.C.P., 28 U.S.C.A., abolished writs of mandamus, and the Court has no jurisdiction of the original proceeding in mandamus sought in this case. Innes v. Hiatt, Warden, D.C.Pa., 57 F.Supp. 17. Furthermore, the action of prison authorities with respect to a prisoner's good time is not open to judicial review prior to the time the prisoner, with credit for good time allowance, is entitled to be free from further incarceration, and in plaintiff's case that date will not occur until December 15, 1953. Sturm v. McGrath, 10 Cir., 177 F.2d 472.

(3) Even if the Court had jurisdiction, it would not issue an order in the

nature of mandamus, because the prison officials were entirely correct in aggregating the two sentences for the purpose of computing good time. Title 18, U.S.C.A. § 4161; Gutterman v. Humphrey, D.C.Pa., 99 F.Supp. 422.

■ And, aside from the legal aspects of the petition, the Court is unable to understand why the petitioner is requesting the action prayed for in the petition. As the prison authorities have treated the sentences, i. e., aggregating them, petitioner will be entitled to release, with good time allowance, on July 25, 1954. On the other hand, if the sentences are served separately as petitioner desires, he will not be entitled to release, with good time allowance, until October 5, 1954. Stated differently, when the sentences are aggregated as they should be under the law, and now are, the total sentence is five years and a day, and therefore petitioner earns eight days good time per month. But, if the sentences are separated, petitioner would earn only seven days per month good time on the four year sentence and only six days per month good time on the year and a day sentence. Thus, if the sentences are separated petitioner will be entitled to 336 days good time on the four year sentence and 72 days good time on the year and a day sentence, which is a total of 408 days good time, whereas if the sentences are aggregated petitioner will be entitled to 480 days good time. (Of course, a prisoner may, by committing a crime or by violating prison regulations, forfeit his good time, and the action of prison authorities in forfeiting a prisoner's good time is conclusive upon a district court, unless the authorities acted arbitrarily, capriciously of fraudulently. Powell v. Hunter, 10 Cir., 172 F.2d 330.) In other words, in the instant case petitioner will gain 72 days good time by having the sentences aggregated, and the Court is at a loss to comprehend why petitioner should be attempting, from all that appears, to extend his incarceration for 72 days.

For the above stated reasons plaintiff's petition should be denied, and an order to that effect should be entered today.