RICHARD F. DeMOSS, Petitioner, v. W. PAUL RHODES, Warden of The New Castle County Correctional Institution, Respondent.

(*June* 18, 1957.)

HERRMANN, J., sitting.

*Milford W. MacDonald* for the petitioner.

*Richard J. Baker,* Deputy Attorney-General, for the respondent.

Superior Court for New Castle County, No. 509, Civil Action, 1957.

HERRMANN, J.:

The petitioner is an inmate of the New Castle County Correctional Institution, having been convicted and sentenced in this Court for felony. He seeks a writ of habeas corpus on the grounds that (1) the Warden has banned all exchange of mail between the petitioner and his wife and (2) the Warden has banned all visits to the petitioner by his wife. This treatment, the petitioner contends, constitutes violation of his rights under State and Federal Constitutions.

The complaints made by the petitioner are not matters which entitle him to relief on habeas corpus. The law relating to habeas corpus has been reviewed recently by our Supreme Court and it is clear that, since the prisoner does not claim to be illegally detained, he is not entitled to the writ of habeas corpus or any relief thereunder. See *Curran v. Woolley*, 9 *Terry* 382, 104 *A*. 2d 771. Habeas corpus is not a remedy for the review of complaints about incidents of prison management. See *Holliday v. Warden of Maryland Penitentiary*, 198 *Md*. 651, 80 *A*. 2d 608; *Powell v. Hunter*, 10 *Cir*., 172 *F*. 2d 330.

The State Board of Corrections has been made responsible for proper prison management and administration and for the proper care and control of all prisoners. By 11 *Del. C.* § 6512(a), it is provided:

"(a) The Board, subject only to powers vested in the judicial and certain executive departments and officers of the State, shall have exclusive jurisdiction over the care, custody, control, management, administration and supervision of:

"(1) all prisoners,

"(2) prison labor and prison industry,

"(3) all prisons, farms, workhouses and jails wherein prisoners are committed, and

"(4) such other facilities as may be established by the Board for the safekeeping, correction or rehabilitation of prisoners."

Since the Board of Corrections is vested with the responsibility for prison administration and the care and control of prisoners, complaints such as those here involved must be addressed to the Board of Corrections. It does not appear that the petitioner has brought his complaints to the attention of the Board and the members of the Board are not before the Court as respondents. It is manifest, therefore, that a proper case has not been presented for consideration by this Court.

It is contended that if the petitioner has misconceived his remedy and if habeas corpus is not available to him, this proceeding should be considered as a *mandamus* proceeding to review and correct an arbitrary and capricious abuse of discretion by prison authorities. See 34 *Am. Jur.* Mandamus § 69; 55 *C. J. S.* Mandamus § 122, p. 209; compare *Commonwealth ex rel. Smith v. Ashe*, 364 *Pa.* 93, 71 *A.* 2d 107, 119. Assuming the propriety of *mandamus* for such purpose, application for judicial review of the exercise of discretion by the Warden, an agent of the Board of Corrections, is inappropriate at this time for the reasons hereinabove stated. It will not be assumed that the Board of Corrections has abused or will abuse its discretionary powers. Compare *Edmondson v. Warden of Maryland House of Corrections*, 194 *Md.* 707, 69 *A.* 2d 919.

Accordingly, the petition will be dismissed.