**Robert Clayton LLOYD, Petitioner**

v.

**David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Respondent.**

**Civ. A. No. 7693.**

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 27, 1961.

Robert Clayton Lloyd, pro se.

Charles L. Goodson, U. S. Atty., and Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent.

HOOPER, Chief Judge.

Petitioner seeks the writ of habeas corpus upon the ground as alleged that the respondent as Warden of the United States Penitentiary in Atlanta, Georgia,

caused an unauthorized forfeiture of petitioner's good time. It is alleged that "the prison authorities at Atlanta Penitentiary fraudulently, arbitrarily and unlawfully forfeited about 100 days of petitioner's good time on supposedly reliable information of an informer," and petitioner wishes to be confronted by this informer.

(1) The matter of granting and forfeiting of good time is within the exclusive jurisdiction of the prison authorities and their action cannot be set aside unless it is shown that they have acted arbitrarily or fraudulently, and such a finding must be supported by substantial evidence. See Powell v. Hunter, 10 Cir., 172 F.2d 330. The mere allegation that the Board has acted arbitrarily is a mere conclusion unless there are facts to support the same. It has never been contemplated that every prisoner who has lost good time awarded to him may come into court and have a review of the hearing before the Prison Board, as such a procedure would be an undue burden upon the courts.

Petitioner here however, does allege that the Prison Board acted "on supposedly reliable information of an informer." He does not allege that there was not additional information before the Board. It is therefore desirable that this Court before issuing the writ should have some knowledge concerning the information available to the Board when petitioner's good time was forfeited.

(2) The forfeiture of good time is an administrative function and anyone complaining that the forfeiture was granted arbitrarily has a right to appeal to the Attorney General. In Brown v. Johnston, 9 Cir., 91 F.2d 370, 372, it was stated:

"With respect to the warden's revocation of good time allowance of which the petitioner complains, it should perhaps be pointed out that under 18 U.S.C., § 711, the Attorney General is given power, on recommendation and evidence submitted to him by the Warden in charge, to re-

store such portion of lost good time as may be proper."

In the case of Gibson v. United States, 6 Cir., 161 F.2d 973, 974, the above case was cited and the court added:

"But we are not authorized to enter a judgment discharging appellant. He has not exhausted the procedure afforded by Title 18 U.S.C.A. § 711."

Title 18 U.S.C. § 711 above referred to is superceded by 18 U.S.C. § 4166 which reads as follows:

"The Attorney General may restore any forfeited or lost good time, or such portion thereof as he deems proper, upon recommendation of the Director of the Bureau of Prisons."

That statute gives a prisoner whose good time has been forfeited the right to apply to the Director of the Bureau of Prisons for a recommendation to restore good time, and if recommended, to apply to the Attorney General to restore the good time. In such application the prisoner may recite the circumstances under which his good time was forfeited and his complaint of the manner in which it was forfeited may be heard and determined. In that way a record can be made concerning the matter which this court could review. Without some administrative review however, of the order of the warden forfeiting the good time a district court would in effect be required to retry every hearing before the good time board of each institution, should the prisoner file a petition of habeas corpus to the district court alleging insufficiency of evidence before the board as a basis for such forfeiture.

This Court is therefore convinced that the principle of exhaustion of administrative remedies should be applied so as to require a prisoner before applying to the district court for a writ of habeas corpus under such circumstances, to first exhaust the remedy provided in 18 U.S.C. § 4166, in the same manner that the Court of Appeals for the Sixth Circuit required in connection with 18 U.S.C., former § 711,

**48**

as pointed out in Gibson v. United States, supra.

. The present action is not dismissed but is held in abeyance so that the prisoner may apply to the Director of the Bureau of Prisons and the Attorney General for restoration of his good time, and so that some record may be made for the guidance of this Court.

Petitioner is directed to notify this Court of the action taken by the Director of the Bureau of Prisons and the Attorney General on his application.