**Carl McCORMICK, Petitioner,**

v.

**David M. HERITAGE, Warden, United States Penitentiary, Atlanta, Georgia, Respondent.**

**Civ. A. No. 7988.**

United States District Court
N. D. Georgia,
Atlanta Division.

Sept. 4, 1962.

Carl McCormick, in pro. per.

Charles Goodson, U. S. Atty., Burton Brown, Asst. U. S. Atty., Atlanta, Ga., for United States.

HOOPER, Chief Judge.

Application for writ of habeas corpus was filed, rule nisi was issued and a response thereto filed by the Warden. This Court by Order dated July 9, 1962 has pointed out that this application is without merit with the possible exception as to forfeiture of good time.

It may be that this Court should hold that petitioner's allegations of forfeiture of good time are insufficient, same being rather general allegations. See United States v. Pisciotta, 2 Cir., 199 F.2d 603 (2); Voliva v. Bennett, 5 Cir., 201 F.2d 434(1). Considering petitioner's rather lengthy complaint however in its entirety, it probably is sufficient to charge that forfeiture of his good time was arbitrary.

However, before this Court orders petitioner brought into court for a hearing, he must first pursue his administrative remedies pursuant to 18 U.S.C. § 4166. See Lloyd v. Heritage, Warden, D.C., 199 F.Supp. 46.[1] This Court will therefore not dismiss this petition, but hold it in abeyance until petitioner shall have filed his application pursuant to 18 U.S.C. § 4166, with the Director of the Bureau of Prisons, seeking his recommendation to the restoration of petitioner's forfeited good time. As the Attorney General under said statute may restore forfeited good time only on the recommendation of the Director. Should the Director decline such recommendation then petitioner may notify this Court, and respondent herein may file such additional pleadings as he may desire.

It is true the Warden has filed with this Court an affidavit dated July 20, 1962 reciting that the official records of the Penitentiary show that petitioner forfeited 180 days good conduct time on September 14, 1961 for misconduct (striking an officer, refusing to submit to a shakedown, insolence, creating a scene on the recreation field August 12, 1961). However, there is no express denial in said affidavit of the charges made by petitioner in his complaint as to the allegedly other reasons for denial of his good time,

---

1. After writing the Opinion in the case just cited the writer sent copies to the Office of the Attorney General and the Director of the Bureau of Prisons, attaching a copy of the Opinion. The procedure was approved by both. The Office of the Attorney General stated in part:

"Exhaustion of administrative remedies not only is entirely proper under the statutes, but it may also cause a significant reduction in unnecessary litigation."

The Director of the Bureau of Prisons wrote as follows:

"I agree with the approach taken in the Lloyd case. If the prisoner should follow your instructions I will carefully consider his application and advise him of my decision, and the reasons therefor."

and the record is not now in condition for the Court to pass any order.

■■ The burden is on petitioner to show by clear evidence that the forfeiture of his good time was caused arbitrarily. The discretion of the Warden will not be interfered with unless he shows that fact. Until however, he pursues his administrative remedy this Court has little evidence before it upon which to act and neither will this Court require that all prisoners filing such applications shall be brought into the Court for a hearing. As pointed out by the Court in United States v. Pisciotta, 199 F.2d 603, at p. 606 (supra) under such procedure many prisoners "would obtain an excursion from a distant penitentiary at government expense." The actions of the Warden in forfeiting petitioner's good time are presumed to be valid and the burden of proof is upon petitioner to show to the contrary.

It is therefore ordered that further consideration of this case be deferred for a period of thirty days.