**Earl X. SMOAKE, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 8553.**

United States Court of Appeals
Tenth Circuit.
April 7, 1966.

Sam A. Crow, Topeka, Kan., for appellant.

Ben Franklin, Topeka, Kan., for appellee.

Before HILL AND SETH, Circuit Judges, and BOHANON, District Judge.

BOHANON, District Judge.

Petitioner is presently incarcerated in the United States Penitentiary, Leavenworth, Kansas, from a sentence imposed by the United States District Court, Southern District of New York, for the sale of narcotics. He was sentenced February 20, 1962, for a term of five years, and Petitioner here seeks relief by writ of habeas corpus.

The learned District Judge denied the application for writ, without a hearing.

Petitioner's contention is that 148 days of good time was cancelled or taken from him for an alleged violation of prison rules while he was incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania. It appears from the record that Petitioner had his good time taken from him as a result of an alleged assault upon another inmate. He was tried in a State Court of Pennsylvania and found not guilty. From this not guilty finding Appellant reasons and urges that the prison authorities acted illegally in forfeiting his good time of 148 days. We do not agree.

Petitioner does not allege that he did not violate a prison regulation, and based upon the record in the case there was no factual issue to be determined by the Trial Court. Consequently, there was no error in not granting an evidentiary hearing.

It is a generally recognized rule that an Appellant, such as Petitioner here, must first exhaust his administrative remedies by applying to the Director of the Bureau of Prisons. Lloyd v.

Heritage, 199 F.Supp. 46 (D.C.Ga.1961). The Appellant here does not allege nor contend that he has exhausted his administrative procedures or remedies. The District Court was therefore without jurisdiction to entertain his Petition for Writ of Habeas Corpus. 18 U.S.C.A. § 4166; McCormick v. Heritage, 216 F. Supp. 222 (D.C.Ga.1962); Powell v. Hunter (10 Cir.), 172 F.2d 330.

■ The Petitioner does not allege any facts which show or tend to show that the prison authorities in cancelling his good time acted arbitrarily or capriciously. Petitioner simply is requesting this Court to interfere with the treatment and discipline of a prisoner, while serving a sentence in a Federal Institution. Such Court interference would be taking from the Attorney General the authority delegated to him by law.

Section 4001, Title 18 U.S.C.A., provides in part as follows:

"The control and management of Federal penal and correctional institutions, except military and naval institutions, shall be vested in the Attorney General."

And Section 4165 provides:

"If during the term of imprisonment the prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."

And Section 4166 provides:

"The Attorney General may restore any forfeited or lost good time or such portion thereof as he deems proper upon recommendation of the Director of the Bureau of Prisons."

■ The matter of granting or withholding or cancelling good time of a Federal prisoner is a matter for the determination of the prison authorities, subject to the supervision of the Attorney General of the United States, and the decision of the prison authorities or the Attorney General is conclusive in the absence of a showing of abuse of discretion, that is, that the decision was arbitrary or capricious. The fact that the

Petitioner was tried and acquitted of a criminal charge, which occurrence resulted in the forfeiture of his good time by the prison authorities, is not sufficient to establish that the action was arbitrary or capricious, or an abuse of discretion. Violation of prison rules, although not a violation of a criminal law, may well be sufficient to warrant disciplinary measures against the prisoner or the cancellation of good time earned, and is conclusive on the Courts in the absence of a showing of an abuse of discretion. Berndt v. Looney, 114 F.Supp. 21 (W.D. Ark.1953).

The Judgment of the District Court is Affirmed.