UNITED STATES of America ex rel. Bernard WEYHRAUCH, a. k. a. Bernard Weyhrauck, Petitioner,

v.

J. J. PARKER, Warden, United States Penitentiary, Lewisburg, Pa., Respondent.

No. 884.

United States District Court
M. D. Pennsylvania.

May 19, 1967.

Bernard Weyhrauch, pro se.
No appearance for respondent.

## MEMORANDUM

FOLLMER, District Judge.

Bernard Weyhrauch, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has submitted a document entitled "Petition for Order of Show Cause" to this Court. It will be treated as a request to file a petition for writ of habeas corpus, in forma pauperis, in that petitioner requests immediate release.

Petitioner makes the following allegations in his petition: On September 21, 1965, he received a two year sentence in the United States District Court for the Southern District of Georgia. Thus, he claims his mandatory release date was April 28, 1967, and that he is being held in custody unlawfully. It is further alleged that he has not forfeited good time since neither the Warden nor other prison officials have such power.

This Court has obtained copies of misconduct reports and withheld statutory good time reports for petitioner. These reports will be filed as a part of the record in this case. The reports show that petitioner refused to enter the A/O (Admission and Orientation) program after being placed in Administrative Segregation at his own request. The refusal to go to population and to go into any treatment program has caused the withholding of six (6) days statutory good time monthly for a total withholding of ninety (90) days statutory good time currently.

What petitioner appears to forget is that a prisoner is entitled to a good time allowance, under 18 U.S.C. § 4161, only where his record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment. Moreover, it is stated in 18 U.

S.C. § 4165, that: "If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."

"The matter of granting or withholding or cancelling good time of a Federal prisoner is a matter for the determination of the prison authorities, subject to the supervision of the Attorney General of the United States, and the decision of the prison authorities or the Attorney General is conclusive in the absence of a showing of abuse of discretion, that is, that the decision was arbitrary or capricious. * * *" Smoake v. Willingham, 359 F.2d 386, 388 (10th Cir. 1966).

Petitioner has refused to comply with the prison officials by refusing to go into A/O status and into any treatment program. This Court will not interfere with the treatment and discipline of a prisoner while incarcerated in a federal penitentiary since such interference would be a taking of the authority of the Attorney General. 18 U.S.C. § 4001. There are no unusual or exceptional circumstances present in this case as to warrant interference with such administration. See Haynes v. Harris, 344 F.2d 463, 465 (8th Cir. 1965); United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965). It is obvious that petitioner's allegations are completely frivolous, in that the prison authorities do have the power to withhold good time, and this Court has no intention of serving as the outlet for the mere dissatisfaction of prisoners with their current status.

Finally, there is no allegation that petitioner has exhausted his administrative procedures or remedies under 18 U. S.C. § 4166 by applying for relief to the Director of the Bureau of Prisons. Smoake v. Willingham, supra, 359 F.2d at 387–388; McCormick v. Heritage, 216 F.Supp. 222 (N.D.Ga.1962).

Accordingly, the request to proceed in forma pauperis will be denied and the petition for writ of habeas corpus will be dismissed.