**Jesse M. COOK, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

No. 9557.

United States Court of Appeals Tenth Circuit.

Feb. 8, 1968.

David R. Hansen, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

PER CURIAM.

Appellant, a federal prisoner, was sentenced to five years for narcotic offenses and five years for marihuana offenses, with the latter term to be consecutive to the first. Prior to 1966, a prisoner was not eligible for parole consideration under a sentence for either narcotic or marihuana offenses. In that year, 26 U.S.C. § 7237(d) was amended to grant

parole eligibility to a prisoner held under a sentence for a marihuana offense.

The government concedes that the 1966 amendment is applicable to the prisoner. At the time of the oral argument, government counsel presented a certified copy of the prisoner's "Service Data Record" which shows that the Bureau of Prisons recognizes such applicability.

■ The district court held that the aggregation of successive sentences is proper for the determination of parole eligibility. We do not take this as meaning that such aggregation destroys the right to parole for the marihuana offenses under the 1966 amendment. The two sentences are considered separately to determine parole eligibility.

■■ The right of the prisoner to parole consideration does not entitle him to habeas corpus relief. He must exhaust his administrative remedies. See Smoake v. Willingham, 10 Cir., 359 F.2d 386, 387–388. A recognition of the right to parole consideration does not mean that parole must be granted. We leave that for determination by the Board of Parole.

Affirmed.