**Harry William THERIAULT,
Plaintiff-Appellant,**

v.

**T. L. PEEK et al., United States Bureau
of Prisons, Defendants-Appellees.**

No. 26465.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1968.

Rehearing En Banc Denied
Jan. 31, 1969.

Harry William Theriault, pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before JOHN R. BROWN, Chief Judge and TUTTLE and GEWIN, Circuit Judges.

PER CURIAM:

This is an appeal by a federal prisoner from a summary judgment denying his petition to compel an employee of the United States Bureau of Prisons to remove from his prison record a notation that his sentence was "inoperative" for 106 days during which he was an escapee.[1]

The appellant, never having been tried for the escape, contends that the prison employee acted without judicial authority in making the notation, and that in doing so the employee was "computing the term" of his imprisonment, contrary to the provisions of 18 U.S.C. § 3568.

The district court denied relief because the appellant failed to exhaust his administrative remedies before the Bureau of Prisons.[2] We prefer to base affirmance, however, upon our conclusion that the appellant's allegations do not entitle him to relief. Escape from prison interrupts service, and the time elapsing between escape and retaking contribute nothing to the service of the sentence.[3] The notation complained of is no more than a clerical entry relevant to a determination of the length of the appellant's actual service. The appellant having alleged no discrepancy between the notation and the actual period of his escapee status, the district court committed no error in denying his petition.

Affirmed.

1. The petition was filed pursuant to 28 U.S.C. § 1361.

2. The court cited Lloyd v. Heritage, 199 F.Supp. 46 (N.D.Ga.1961), involving forfeiture of "good time" credits, which may be restored by the Attorney General under 18 U.S.C. § 4166.

3. Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247 (1923); Phillips v. Dutton, 378 F.2d 898 (5th Cir. 1967).

**118**

On Petition For Rehearing
En Banc

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.