John Howard **TAYLOR**, Petitioner-Appellant,

v.

Olin G. **BLACKWELL**, Warden, Respondent-Appellee.

No. 28209

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Oct. 29, 1969.

as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I [No. 27439, Oct. 7, 1969].

Appellant, a federal prisoner incarcerated in the United States Penitentiary, Atlanta, Georgia, filed a pro se petition for a writ of habeas corpus which was treated as a petition for mandamus against the warden. The district court denied relief.

■ The suit was premised on the contention that appellant had been illegally deprived of over three years in good time credit earned pursuant to 18 U.S. C.A. §§ 4161 and 4162. His claim, in conclusionary terms, was that he "is presently illegally restrained of his liberty * * * because of discrimination and denial of due process of law." Under oath he alleges facts tending to support this claim. He also alleges that he has exhausted his administrative remedy by applying to the Warden and the Director of the Bureau of Prisons to restore his good time credit. 18 U.S.C.A. § 4165. Cf. Smoake v. Willingham, 10 Cir., 1966, 359 F.2d 386. The district court dismissed the petition without requiring the defendant to show cause why the relief requested should not be granted and without an evidentiary hearing. We reverse for the reason that the allegations were such as to at least require an order to show cause.

■ After the respondent has an opportunity to answer, the district court may require such affidavits as are necessary to determine whether issues of fact exist. The district court can then determine whether an evidentiary hearing is required. See Copenhaver v. Bennett, 8 Cir., 1966, 355 F.2d 417. That determination should be made in light of the standard which is applicable to prisoner discipline cases, i. e., whether there existed arbitrariness or an abuse of discretion on the part of prison officials in

John Howard Taylor, pro se.

John W. Stokes, Jr., U. S. Atty., Theodore E. Smith, Charles B. Lewis, Jr., Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

■ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character

their decision, pursuant to 18 U.S.C.A. § 4165, ordering forfeiture of petitioner's good time. Smoake v. Willingham, supra; Thompson v. Blackwell, 5 Cir., 1967, 374 F.2d 945.

The district court will also have the benefit of Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473, 479, where the court said:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute [28 USCA 2255] does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court."

██ In his brief here appellant argues that by treating his petition as being in the nature of a petition for mandamus, he was somehow denied proper consideration of his claim. While habeas corpus relief is no longer limited to release from custody, Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, there has been hesitation in this circuit to use the writ in cases such as this. See Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9. However, appellant was not harmed by the title given his petition by the district court. The court was clearly correct in construing it as a petition in the nature of mandamus under 28 U.S.C.A. § 1361. See Walker v. Blackwell, 5 Cir., 1966, 360 F.2d 66. The same relief is available in either event.

Reversed and remanded for further proceedings not inconsistent herewith.