Thomas G. SEXTON, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 28837

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1970.

Thomas G. Sexton, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a federal convict for a writ of habeas corpus. We affirm.[1]

Appellant is presently incarcerated in the federal penitentiary in Atlanta, serving a 10-year sentence imposed on May 24, 1966, for violations of 18 U.S.C.A. §§ 500, 1708 and 1691, receiving, forging and altering stolen postal money orders in excess of one hundred dollars. In his habeas corpus petition appellant sought the restoration of statutory good time which prison officials had ordered forfeited for a violation of rules of the institution, namely, attempting to smuggle contraband into the facility. Appellant's contention is that since the Prison Good Time Board was unable to show conclusively that the violation had actually occurred the forfeiture of his good time was arbitrary and capricious. The district court found that the prison Board had sufficient evidence before it to substantiate the misconduct charged and denied appellant relief without a hearing. We agree with this determination.

Title 18 U.S.C.A. § 4165 provides: "If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited." Forfeiture of good time is a function of prison administration, subject to the supervision of the Attorney General of the United States, 18 U.S.C.A. § 4166. The courts will not interfere with the decision to hold forfeit a prisoner's good time unless the prisoner makes a clear showing of abuse of discretion. Smoake v. Willingham, 10 Cir. 1966, 359 F.2d 386; McCormick v. Heritage, N.D.Ga.1962, 216 F.Supp. 222. Appellant has made no such showing here. A review of the record reveals that the court below was not clearly erroneous in its findings of fact, and was correct in its application of the law. The judgment below is affirmed.

1. Pursuant to Rule 18 this case is decided without oral argument.