437 F.2d 76
 Harry W. THERIAULT, Petitioner-Appellant,
v.
Olin G. BLACKWELL, Warden, et al., Respondents-Appellees.
No. 29902 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 28, 1971.
 
 Harry W. Theriault, pro se.
 John W. Stokes, U.S. Atty., Allen I. Hirsch, Asst. U.S. Atty., Atlanta, Ga., for respondents-appellees.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the denial of a petition for habeas corpus and other relief filed by a federal prisoner who then was an inmate of the United States Penitentiary at Atlanta, Georgia. We affirm the judgment of the district court.
 
 
 2
 The appellant sought release from solitary confinement[1] and restoration of 227 days of good time credits which the warden ordered forfeited upon recommendation of a prison disciplinary board. The forfeiture was ordered on the basis of charges that appellant conspired to defame the character of Dr. Joseph F. Alderete, an employee of the prison, and used a typewriter without authority.
 
 
 3
 In connection with a pending trial, Theriault filed in this court a document that purported to be a holographic examination of the handwriting of Dr. Alderete, the Chief Medical Officer of the prison. The document, which was prepared by appellant with the assistance of another inmate, H. L. White, derogated Dr. Alderete and had absolutely no relevance to the appeal. It was signed 'H. L. White, NMRS-Consultant in Analytic Holography and Moderator in Semantics', and no reference was made in it to White's status as an inmate.
 
 
 4
 While we are normally hesitant to allow any interference with communications between prison inmates and the courts, we have no hesitancy in this case, in agreeing with the district court U.S.C. 158(a)(1), 158(a)(3), by for filing necessary legal papers.' Forfeiture of good time credit is expressly permitted by statute, 18 U.S.C. 4165,[2] and the decision of prison officials to cancel it is conclusive, in the absence of a showing that the officials acted arbitrarily, capriciously or fraudulently. See Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966); Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963); Berndt v. Looney, 114 F.Supp. 21 (W.D.Ark.1953). We are likewise convinced that there was a factual basis for the charge of unauthorized use of a typewriter. No abuse of discretion sufficient to justify intervention of a federal court has been shown in this case.
 
 
 5
 In a supplemental petition the appellant complained that prison officials refused to mail a letter and a copy of a brief he wrote, to the editor of a newspaper. The letter allegedly was destroyed and the brief was returned to the appellant. As the district court held, such letters are not 'legal correspondence' but are subject to the prison regulations which govern mailing lists, approved correspondents, and other such matters. See Schack v. Wainwright, 391 F.2d 608 (5th Cir. 1968) cert. denied, 392 U.S. 915, 88 S.Ct. 2078, 20 L.Ed.2d 1375, and cases there cited.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The record shows that the appellant has been transferred to a federal prison in Illinois; he does not contend that he is still in solitary confinement
 
 
 [2]
 The statute provides:
 If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited.