**UNITED STATES of America ex rel. Leonard COLEN**

v.

**John J. NORTON, Warden, Federal Correctional Institution, Danbury, Connecticut.**

**Civ. No. B–355.**

United States District Court, D. Connecticut.

Jan. 7, 1972.

Leonard Colen, pro se.

Stewart H. Jones, U. S. Atty., Andrew Bowman, Asst. U. S. Atty., New Haven, Conn., for respondent.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

This petition for a writ of habeas corpus, which more accurately should be interpreted to be a petition for mandamus, see Taylor v. Blackwell, 418 F.2d 199 (5 Cir.1969), raises interesting questions with respect to the power of prison officials to remove an inmate from industrial or meritorious good time status.

While it is settled law that the grant or denial of good time credits rests within the sound discretion of the penal authorities, it also has been emphasized that judicial intervention is warranted if that discretion is abused by a disregard of the rules, regulations and policies of the Bureau of Prisons. See Walker v. United States, 429 F.2d 1301 (5 Cir.1970); Taylor v. Black-

well, 418 F.2d 199 (5 Cir.1969); Smoake v. Willingham, 359 F.2d 386 (10 Cir.1966); cf. Smith v. Resor, 406 F.2d 141, 145 (2 Cir.1969).

The petitioner is an inmate at the Federal Correctional Institution in Danbury, Connecticut. In October 1970, on the basis of his work in the prison's power plant he was placed on industrial good time status pursuant to 18 U.S.C. § 4162.[1] Sometime prior to May 1971, he was assigned to drive a truck into Danbury daily to deliver and pick up inmates working in the city under the Community Work Release program. On these trips he was permitted to have his evening meal in a local diner.

On May 22, 1971, petitioner completed his afternoon run into Danbury and stopped for dinner at a restaurant. There he met his wife and later was seen to kiss her once in the parking lot of the restaurant. As a result, he was the subject of a disciplinary report on the ground that the visit with his wife was unauthorized and a violation of prison rules.

Four days later the petitioner was presented before an Adjustment Committee composed of three prison officials who convened to consider the charge made in the disciplinary report. At the hearing petitioner denied he violated any prison regulations, requested that certain witnesses be called before the Committee, and sought the assistance of counsel. In short, the petitioner demanded the same rights accorded an inmate whose good conduct time is being considered for forfeiture. These rights include the appearance and cross-examination of witnesses, the reporting of the hearing, and the assistance of a member

---

1. § 4162 reads as follows:

   "A prisoner may, in the discretion of the Attorney General, be allowed a deduction from his sentence of not to exceed three days for each month of actual employment in an industry or camp for the first year or any part thereof, and not to exceed five days for each month of any succeeding year or part thereof.

   In the discretion of the Attorney General such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations. Such allowance shall be in addition to commutation of time for good conduct, and under the same terms and conditions and without regard to length of sentence."

of the staff to represent the inmate. Policy Statement 7400.6, Bureau of Prisons, § 3 (December 1, 1966).

All the petitioner's requests were denied. The Committee found against the contentions of the petitioner; as a consequence he lost his driving job, six days of statutory good time, the privilege of visiting in the prison's park area for 90 days, and the opportunity to earn industrial good time for the next five months until October 1971. The petitioner unsuccessfully appealed to the Bureau of Prisons and therefore he has exhausted his administrative remedies. 18 U.S.C. § 4165. It should be noted that it is unfortunate the Bureau of Prisons declined to rule on the merits of petitioner's claims and merely returned his letter of appeal with a printed slip stating the problem was one for the institution's staff to consider. For reasons stated hereinafter, the matter is not free from doubt and the Court would have benefited from the interpretation the Bureau of Prisons placed on its own rules and regulations. Moreover, there is a strong likelihood the matter might well have been resolved on the level of the administrative appeal.

The only issue that merits attention is whether the prison authorities were empowered under applicable regulations to remove the petitioner from his meritorious good time status prospectively, i. e., for five months following the date of his infraction of the prison rules.

There is no statute or regulation precisely on point. However, 18 U.S.C. § 4162 and two Bureau of Prisons policy statements provide helpful guidelines. Section 4162 states that industrial good time shall be allowed in the discretion of the Attorney General "under the same terms and conditions" as statutory good time under 18 U.S.C. § 4161.

Statutory good time is awarded to a prisoner if he faithfully observes all of the prison rules and has not been subjected to punishment. Misconduct may result in the withholding or forfeiture of good time. As noted above, an inmate is granted certain procedural safeguards before this good time may be

forfeited. Policy Statement 7400.6 also provides that "While the withholding of good time does not require the more detailed procedures of good time forfeiture, withholding shall be limited to the good time creditable for the single month during which the violation occurs . . . . Offenses which require more than the withholding of good time should be handled by forfeiture proceedings."

Industrial or meritorious good time is allowed for exceptional work performance as well as productive participation in correctional treatment programs. Policy Statement 7600.50A, dated February 23, 1971, governs the forfeiture and restoration of this type of good time in section 10(d): "Meritorious good time may be forfeited and restored on the same basis as statutory good time." No provision directly addresses itself to withholding industrial good time prospectively, although section 10(f) refers to "those removed for cause during the month."

Respondent claims that petitioner's loss of good time was neither a forfeiture nor a withholding, but a third form of punishment which is called a "prospective removal from meritorious good time status." It is further argued that an inmate may be so removed without procedural safeguards because there is no statutory mandate compelling prison authorities to grant industrial good time. While submitting that the matter is entirely within the discretion of prison officials, the respondent does concede that this discretion may not be exercised in a capricious or discriminatory manner, or contrary to the policy statements of the Bureau of Prisons.

However, the Court is of the opinion that the forfeiture or withholding of industrial good time should be treated in the same manner procedurally as the methods employed in the forfeiture or withholding of statutory good time. This interpretation has the advantage of having one set of rules governing the loss of the two types of an inmate's good time, and is conducive to promoting stability and fairness in the

administration of prison affairs. In addition, it is consistent with the apparent intent of the Bureau of Prisons to limit the removal of a prisoner's name from the meritorious good time status list, Classification Form 13, to one month. See Policy Statement 7600.50A, supra, wherein it is directed that an inmate whose name has been "removed for cause *during the month*" (emphasis supplied) from meritorious good time status shall have an "R" placed next to his name on the classification list. This is not to say, of course, that the Bureau of Prisons may not promulgate separate different regulations solely applicable to industrial good time.

■ Accordingly, since under the rules statutory good time may not be withheld or removed beyond that time "creditable for the single month during which the violation occurs," it follows that the petitioner's industrial or meritorious good time could not be withheld or removed beyond the month of May, 1971.