492 F.2d 1082
 Willie THOMPSON, Plaintiff-Appellant,
v.
UNITED STATES of America, FEDERAL PRISON INDUSTRIES,
Defendant-Appellee.
No. 73-2573 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 April 19, 1974.
 
 Willie Thompson, pro se.
 Ralph E. Harris, Asst. U.S. Atty., El Paso, Tex., for defendant-appellee.
 Before BELL, GODBOLD and GEE, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 Willie Thompson, who is presently imprisoned in the Federal Correctional Institution at Anthony, New Mexico-Texas, filed an action, styled as a mandamus action under 28 U.S.C.A. 1361, in the district court below seeking 'back compensation' and industrial good time for an injury allegedly suffered during the course of his employment with the Federal Prison Industries.[1] The district court granted the Government's motion to dismiss. We vacate and remand with direction.
 
 
 2
 The district court dismissed on the ground that 28 C.F.R., 301.1 et seq. requires an inmate to be within 30 days of release before claims for compensation can be filed and that appellant had not exhausted his administrative remedy in that the Inmate Compensation Board had not finally ruled on appellant's claim for disability benefits. As will be seen, the district court did not reach the question whether appellant was due partial interim compensation under the applicable regulations.
 
 
 3
 Appellant alleged that in November, 1971 while confined in the United States Penitentiary at Leavenworth, Kansas, he injured his lower back in the process of moving racks of shoes, a job to which he had been assigned by the Federal Prison Industries. Appellant alleged that he reported the injury to his work supervisor. He was hospitalized in that institution, but later transferred to the Medical Center at Springfield, Missouri, where he underwent surgery for the removal of a ruptured disk in January or February, 1972. He further alleged that it is still necessary for him to use back and leg braces, as well as crutches to move about.
 
 
 4
 As a result of this allegedly work-related impairment, appellant sought wages and good time credits that he would have earned had the injury not occurred. He rests his claim on 28 C.F.R. 301.10.[2]
 
 
 5
 Appellant also argued that he had exhausted all administrative avenues for relief and attached to his answer to the Government's motion to dismiss, copies of letters denying relief from the Safety Officer of the Springfield Penitentiary and the Director of the Bureau of Prisons.[3]
 
 
 6
 By virtue of the enactment of 18 U.S.C.A. 4126, the Federal Prison Industries is authorized to compensate inmates or their dependents for injuries sustained in the course of their employment with the corporation. These payments are to be made in accordance with the rules and regulations promulgated by the Attorney General of the United States. 28 C.F.R., 301 et seq. sets forth the procedures and regulations governing inmate accident compensation. 28 C.F.R., 301.5 includes the bar to processing a claim for accident compensation until 30 days before the disabled prisoner is to be released from custody. This remuneration is intended, like civilian workmen's compensation laws, to supplement lost wage capacity when the prisoner returns to the economic community; and therefore cannot be practically determined until near the release date. Included among these regulations is a provision permitting payment of partial compensation to an inmate for lost wages resulting from his industries-related injury.[4] It is evident by the terminology of the section itself that this kind of compensation is not only claimable, but also collectable, while the injured is still in custody. Cf. Granade v. United States, 2d Cir., 1966, 356 F.2d 837, 843.
 
 
 7
 The focus of appellant's claim is for relief in terms of the partial interim 66 2/3 per cent compensation allowed under the regulation, note (4), and the good time credit, if any, which may flow from such relief. This narrow claim was not considered by the district court. Indeed, the government missed the import of the claim altogether in its answer. It will be necessary therefore to vacate and remand the case to the district court for consideration of the claim as filed rather than as it was construed by the government.
 
 
 8
 On remand the district court should have in mind that the matter of awarding compensation or lost pay under the statute and regulations is a matter for determination by the prison authorities, subject to the supervision of the Attorney General of the United States, 18 U.S.C.A. 4128. The decision of the prison authorities, once made, is conclusive in the absence of a showing that the decision was arbitrary or capricious.[5]
 
 
 9
 The federal prison system has now established a formal administrative remedy, effective April 1, 1974, for consideration of complaints such as that of appellant here. Bureau of Prisons policy statement 2001.6, dated February 14, 1974. (Copy appended hereto.) Because the case is to be reconsidered and because it is not clear that it has received the attention of the prison authorities as being based on the claim for partial compensation under 18 C.F.R., 301.10, supra, the district court is directed to require that appellant exhaust his prison remedy but to retain jurisdiction of the case for a reasonable time while exhaustion is in process.[6] Cf. Ross v. Henderson, 5 Cir., 1974, 491 F.2d 116.
 
 
 10
 Vacated and remanded with direction.
 
 
 11
 Appendix to follow.
 
 
 12
 (APPENDIX OMITTED)
 
 
 
 [1]
 18 U.S.C.A. 4126; 28 C.F.R. 301 et seq
 
 
 [2]
 28 C.F.R., 301.10 does not provide for the award of industrial good time credits as a result of employment time lost due to a work related injury. 18 U.S.C.A. 4162 authorizing industrial good time allows a sentence reduction in the discretion of the Attorney General 'for each month of actual employment.' There is no statutory or regulatory basis for industrial good time credit for time not actually employed
 
 
 [3]
 In a letter to appellant dated January 26, 1972, Safety Officer A. E. Wilson wrote:
 'There is no injury report in your central file concerning your alleged injury. There is a specific notation in your medical file which states you were admitted to the hospital at Leavenworth on November 29, 1971 with a history of several months of gradually worsening pain in the left hip, radiating into the left leg. Some pain was noted in the low back. The record states 'no specific injury was claimed.' Based on the information available at this time, I am sorry, but I cannot recommend a continuation of your industrial pay/or good time.'
 Norman A. Carlson, Director of the Bureau of Prisons, relied, in a letter dated February 23, 1973, on the Safety Officer's investigation and report to reject appellant's claim.
 
 
 [4]
 28 C.F.R., 301.10:
 No accident compensation will be paid for compensable injuries while the injured inmate remains in custody. However, inmates assigned to industries will be paid wages for the number of regular work hours in excess of three consecutive inmate man days they are absent from work because of injuries suffered while in the performance of their work assignments. The rate of pay shall be 66 2/3 per cent of the standard hourly rate for the grade if the injured is not helping to support dependents, and 75 per cent of the standard hourly rate for the grade if the injured is helping to support dependents. No claim for compensation will be considered if full recovery occurs while the injured is in custody and no significant disability remains after the release.
 
 
 [5]
 The jurisdictional predicate for many of these federal prisoner cases in this circuit has ranged from mandamus, Taylor v. Blackwell, 5 Cir., 1969, 418 F.2d 199, 201; cf. Carter v. Seamans, 5 Cir., 1969, 411 F.2d 767, to habeas corpus, Theriault v. Blackwell, 5 Cir., 1971, 437 F.2d 76, cert. denied, 402 U.S. 953, 91 S.Ct. 1637, 29 L.Ed.2d 122. Judicially fashioned, arbitrary and capriciousness has been the consistent standard of review followed. Theriault, supra; Sexton v. United States, 5 Cir., 1970, 429 F.2d 1300; Taylor v. Blackwell, 5 Cir., 1969, 418 F.2d 199
 In the instant case, 18 U.S.C.A. 4126 does not confer jurisdiction in the federal courts to review the correctness of prisoner compensation claims under the applicable regulations, supra note (4). Rather, jurisdiction here is found in the Administrative Procedure Act, 5 U.S.C.A. 701 et seq., and review is governed by the arbitrary and capricious standard there prescribed. 5 U.S.C.A. 706. See Abbott Laboratories v. Gardner, 1967, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681, 687; Davis, Administrative Law, 28.03, at 510-12 (3rd ed. 1972). See also United States v. One 1970 Buick Riviera, 5 Cir., 1972, 463 F.2d 1168, 1171, n. 4.
 
 
 [6]
 Ordinarily the complaint should be dismissed where it appears that a federal prisoner has not exhausted his administrative prison remedy. Paden v. United States, 5 Cir., 1970, 430 F.2d 883; Quick v. Thompkins, 5 Cir., 1970, 425 F.2d 260