493 F.2d 467
 Robert L. DIXON, Petitioner-Appellant,
v.
J. D. HENDERSON, Warden, United States Penitentiary, et al.,
Respondents-Appellees.
No. 73-3994 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New Youk, 5 Cir. 1970, 431 F.2d
409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 1, 1974.
 
 Robert L. Dixon, pro se.
 Anthony M. Arnold, Asst, U.S. Atty., Atlanta, Ga., for respondents-appellees.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Dixon brought the present action in the nature of a mandamus under 28 U.S.C. 1361 to compel the warden of the Atlanta Federal Penitentiary to restore to his credit 440 days of earned good time authorized by 18 U.S.C. 4161.[1] The district court denied the requested relief and petitioner seeks reversal of that decision on two grounds: (1) that the revocation procedures employed by prison officials did not comport with the requirements of due process, and (2) that the punishment meted out was both unconscionably and unconstitutionally harsh. Finding no merit in this attack, we affirm.
 
 
 2
 18 U.S.C. 4165 specifically permits the revocation of good time for violation of prison rules; and the federal Bureau of Prisons has promulgated a series of 'Policy Statements' containing the procedures to be followed in order to effect such a forfeiture. On three occasions between September 1970 and July 1972 petitioner suffered a reduction in his good time allowance. In all three instances the prison authorities scrupulously adhered to the applicable regulations.[2] Petitioner's good time was revoked pursuant to the written recommendation of a neutral board before which he had been permitted to appear. More than a week prior to each hearing prison officials had informed Dixon of the nature of the charges against him and of the impending board meeting. Though entitled under the regulations to call witnesses in his own behalf, petitioner declined to do so in each case[3] ; and, upon hearing the formal charges against him read at the board meetings, Dixon admitted the violations-- after which he was afforded the opportunity to make any explanatory or mitigating statements. The board recommendations of forfeiture were transmitted to the warden for final approval; and petitioner was notified in writing of both the warden's decision and the availability of staff assistance in the preparation of an appeal to the Office of General Counsel and Review.[4]
 
 
 3
 We find that this scenario, repeated three times in less than two years, was sufficient under the due process clause of the Fifth Amendment to sustain the revocation of good time. Petitioner, who at no point sought seriously to contest the underlying factual basis for the disciplinary proceedings, received in ample measure both notice and the opportunity to be heard.
 
 
 4
 Given the adequacy of revocation procedures, the decision to withdraw good time and the number of days forfeited are within the province of prison officials, subject only to court review for arbitrary, capricious, or fraudulent action. Theriault v. Blackwell, 5 Cir. 1971, 437 F.2d 76, cert, denied, 402 U.S. 953, 91 S.Ct. 1637, 29 L.Ed.2d 122. The revocation of 440 days good time on the basis of petitioner's admitted violations of regulations governing contraband does not support a claim of such reprehensible official conduct.
 
 
 5
 Affirmed.
 
 
 
 [1]
 This Court has explicitly recognized the availability of an action under 1361 to a federal prisoner seeking the restoration of statutory good time. Taylor v. Blackwell, 5 Cir. 1969, 418 F.2d 199
 
 
 [2]
 At the time of the first forfeiture in September 1970, Policy Statement No. 7400.6 controlled official action. The two subsequent proceedings in March and July 1972, however, were governed by the presently effective Statement No. 7400.6A. The differences between those regulations are not relevant to this appeal
 
 
 [3]
 At the March 1972 hearing, however, petitioner was represented by a prison staffmenber whose aid he had requested. A prisoner is entitled to such representation at a forfeiture hearing under paragraph 4e of Policy Statement No. 7400.6A
 
 
 [4]
 Plaintiff avers that he has exhausted the available administrative remedies, and the Government does not argue for dismissal for any failure to exhaust