940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rudy G. STANKO, Petitioner-Appellant,
v.
William R. STORY, Warden, Respondent-Appellee.
 No. 91-5217.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 1
 Before MERRITT, Chief Judge, BOGGS, Circuit Judge, and HULL, Chief District Judge.*
 
 ORDER
 
 2
 Rudy G. Stanko is a pro se federal prisoner who appeals the dismissal of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2241. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In his petition, Stanko alleged that the respondent had not given him proper credit for good time under 18 U.S.C. Sec. 4161 and 28 C.F.R. Sec. 523. On January 23, 1991, the district court adopted a magistrate's recommendation in part and dismissed the petition. It is from this judgment that Stanko now appeals.
 
 
 4
 The record supports Stanko's assertion that he was not proceeding as a pauper when he filed his complaint. Therefore, dismissal was not appropriate under 28 U.S.C. Sec. 1915(d). Nevertheless, the sua sponte dismissal of Stanko's petition may still be affirmed because the district court is authorized to dismiss habeas corpus petitions, without regard to indigency, if it plainly appears that the petitioner is not entitled to relief. Rules 1(b) and 4, Rules Governing Sec. 2254 cases.
 
 
 5
 Stanko asserts that he is entitled to 576 days of statutory good time under 18 U.S.C. Sec. 4161 (repealed effective Nov. 1, 1987). However, the district court correctly held that Stanko's statutory good time credit was subject to forfeiture for his violation of prison rules. See 18 U.S.C. Sec. 4165 (repealed effective Nov. 1, 1987). The adjustment of good time credit is clearly a function of the prison administration rather than the judiciary. Sexton v. United States, 429 F.2d 1300, 1301 (5th Cir.1970) (per curiam). Thus, Stanko's argument that the adjustments made to his good time were equivalent to a bill of attainder is clearly misplaced. Finally, as noted by the district court, dismissal is appropriate because Stanko's claims are not supported by any factual allegations which would indicate that his good time credit was calculated incorrectly. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 6
 Stanko also argues that he is entitled to extra good time credit under 28 C.F.R. Sec. 523. The record indicates that Stanko was awarded 22 days of extra good time credit because he was imprisoned at the Leavenworth Vocational Camp. Stanko now appears to argue that he was entitled to continue receiving extra credit, even though he was no longer confined at the camp. However, this type of good time credit continues only "as long as the inmate is assigned to the farm or camp." 28 C.F.R. Sec. 523.15. Extra good time credit is terminated when a prisoner is transferred to an institution other than a camp, farm, or community corrections center. 28 C.F.R. Sec. 523.17(e).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation